BUD CARTWRIGHT V. THE BOARD OF EDUCATION OF THE CITY OF COFFEYVILLE.*

No. 14,249.    (84 Pac. 382.)

SYLLABUS BY THE COURT.

1. MANDAMUS—*Admission of a Minor to Public Schools—Parties*. A father whose minor child is living with him may maintain an action in mandamus in his own name to compel a board of education to admit his child to the public school.

2. PUBLIC SCHOOLS—*Separate Schools—Powers of Board of Education*. In the absence of a statute a board of education of a city of the second class has no right to establish separate public schools for white and colored children, or to exclude a colored pupil from any public school, which it is otherwise eligible to attend, for the reason *only* that such pupil is colored.

Original proceeding in mandamus.    Opinion filed February 10, 1906.    Peremptory writ allowed.

STATEMENT.

THIS is an original proceeding in which the plaintiff seeks a peremptory writ of mandamus to compel the defendant, the board of education of the city of Coffeyville, to admit his daughter, Eva Cartwright, to the sixth grade of the public schools of that city and to the room and class taught by the white teacher, E. E. Werner.

It appears from the agreed statement of facts and

* Pending in the supreme court of the United States on a writ of error allowed March 16, 1906.

Cartwright v. Board of Education.

the evidence that the plaintiff is a citizen of the United States and resides in the city of Coffeyville, near the school in question; that his daughter is fifteen years of age and is qualified to enter the sixth grade of such school; and that plaintiff and, of course, his child are of African descent. It also appears that the city of Coffeyville is a city of the second class, and that at the time of the acts complained of it maintained two rooms in the Lincoln school building in which the sixth grade was taught; that in one room E. E. Werner, a white man, was the teacher, and all the scholars were white, and that in the other room Jackson Dodd, a colored man, was the teacher, and all the scholars, save possibly one who went there from choice, were colored; that plaintiff and his daughter desired that she should attend the sixth-grade school taught by Werner, and that at the opening of a term of school her mother went with her and applied for the admittance of the girl to Mr. Werner's room, having presented her certificate of eligibility to that grade given to her by the superintendent of the city schools. She was told by Mr. Werner to go down to Mr. Dodd's room. Again, soon afterward, the girl went with her uncle and applied for admission to Mr. Werner's room, and again she was denied admission and told to go to Mr. Dodd's room.

The plaintiff complained to the president of the board of education and to one or two other members of that board of the refusal of Mr. Werner to receive his daughter as a pupil, and was told by the president, in substance, that the girl would have to attend where Mr. Werner had directed her or not at all.

*James H. Guy,* and *Gaspar. C. Clemens,* for plaintiff.
*Ziegler & Dana,* for defendant.

The opinion of the court was delivered by

SMITH, J.: There was some attempt to show that the child was denied admittance to Mr. Werner's room for the reason that there was no unoccupied seat there,

3—73 KAN.

while in Dodd's room there was an abundance of seats; also, that the teacher did not reject the pupil by direction of the board of education. The teacher testified that he received more white pupils soon after this girl was rejected, and we think the evidence shows that the board of education maintained separate schools for white and colored children of the same grade, and that they were separated by reason of color; that this girl was refused admission to the school where she applied for admission for really the sole reason that she was colored; and that the act of the teacher in excluding her was done in carrying out the plans of the board of education in accordance with his employment.

It is contended that the plaintiff is not the real party in interest, and hence is not entitled to maintain this action. In this state a parent is required by law to send his children of certain ages to school, and may be prosecuted criminally for his failure so to do. While several similar cases have been maintained in the name of the parent in this court, it does not appear that this question was raised therein. (*Billard v. Board of Education,* 69 Kan. 53, 76 Pac. 422, 66 L. R. A. 166, 105 Am. St. Rep. 148; *Board of Education v. Tinnon,* 26 Kan. 1; *Knox v. Board of Education,* 45 Kan. 152, 25 Pac. 616, 11 L. R. A. 830.)

Authority is not wanting for this procedure. (See *The People v. The Board of Education of Detroit,* 18 Mich. 400; *State ex rel. Bowe v. Board of Education of the City of Fond du Lac,* 63 Wis. 234, 23 N. W. 102, 53 Am. Rep. 282.)

It is not contended that there is any statute in this state authorizing boards of education of cities of the second class to establish separate schools for the education of white and colored children. In the absence of such a statute it has been decided by this court that no such power exists, and we adhere to these decisions as expressing the law of this state. (*Board of Education v. Tinnon, supra; Knox v. Board of Education, supra.*)

The board of education has no power to exclude colored children from schools established for white children for the reason solely that they are colored, in the absence of a statute conferring such power.

The peremptory writ of mandamus is allowed, as prayed for, with costs.

All the Justices concurring.