Rowles v. Board of Education.

---

SALLIE ROWLES V. THE BOARD OF EDUCATION OF THE CITY OF WICHITA *et al.*

No. 15,281.   (91 Pac. 88.)

SYLLABUS BY THE COURT.

1. PUBLIC SCHOOLS—*City of Wichita Governed by a Special Act —Separate Schools.* Chapter 227 of the Laws of 1889 is a special act, which by its terms makes full provision for the government of the public schools of the city of Wichita, a city of the first class. It renders all other provisions of the statute relating to public schools inapplicable to the public schools of Wichita, and it has not been amended or repealed and does not authorize the maintenance of separate schools for the education of white and colored children.

2. ——— *Authority of Board of Education—Exclusion of Colored Children.* In the absence of statutory authority the board of education of the city of Wichita has no right to exclude a child, by reason only of its color, from any public school of the city.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed July 5, 1907. Reversed.

*O. H. Bentley,* and *John W. Adams,* for plaintiff in error.

*H. C. Sluss,* and *Stanley, Vermilion & Evans,* for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The following portion of the agreed statement of facts upon which the case was tried is sufficient to determine the decision of this case, to wit:

"It is further admitted that the seventh grade of the course of study of the schools of the city of Wichita is taught in the Emerson school; that white children living in the same block in which the said Fannie S. Rowles resides were at the time the said Fannie S. Rowles presented herself for admission attending, and now attend, the said Emerson school and the seventh grade thereof; and it is further admitted that the said Fannie S. Rowles presented herself to the said Emerson school as set forth in the writ of mandamus herein, and that she was excluded and prohibited from attending said Emerson school for the sole reason that she was of African descent and colored and a separate school had been provided in the Park school for her education in the seventh grade as a colored child; and it is further admitted that the plaintiff is a widow, and the mother of the said Fannie S. Rowles, and as such she has the charge and sole responsibility of educating the said Fannie S. Rowles, and that the father of the said Fannie S. Rowles is deceased; and that said Fannie S. Rowles resides within four hundred feet of the Emerson school, and that the said Fannie S. Rowles is not attending the Park or Emerson school at this time because she claims the right to attend the Emerson school."

The action was brought by Mrs. Rowles for a writ of mandamus to compel the school board of the city of Wichita to admit her daughter, Fannie, to the Emerson school, which writ was refused by the court, and she brings the case here.

Section 75 of chapter 18 of the General Statutes of 1868, which chapter relates to cities of the first class, authorized all cities of this class to maintain separate

schools for the education of white and colored children and authorized the establishment of high schools. In 1879 section 75 of chapter 18 of the General Statutes of 1868 was repealed and amended. (Laws 1879, ch. 81, § 1.) By the amendatory act cities of the first class were authorized to maintain separate schools for the education of white and colored children, "except in the high school, where no discrimination shall be made on account of color." In 1905 this act was again amended, and cities of the first class were authorized "to organize and maintain separate schools for the education of white and colored children, including the high schools in Kansas City, Kan.; no discrimination on account of color shall be made in high schools, except as provided herein." (Laws 1905, ch. 414, § 1.)

The city of Wichita, from the time it became a city of the first class until 1889, was, as to its public schools, within the provisions of the general statutes theretofore enacted and above cited. In that year, however, the legislature, probably at the instigation of representatives of the city, passed a special act, in which full provision is made for the schools of that city. (Laws 1889, ch. 227.) The act applies only to the city of Wichita, and, in effect, repeals all former general acts to the extent of their application to the schools of such city. Section 1 of the special act reads: "The public schools of the city of Wichita shall be governed by the provisions of the following act." Section 4 thereof reads:

"The board of education shall be a body corporate under the name of 'the board of education of the city of Wichita,' and as such shall have the power to sue and be sued; to elect its own officers, and make all necessary rules for the government and regulation of the schools of said city under its charge and control, subject to the provisions of this act; to exercise the sole control over the public schools and school property of said city; and shall have the power to establish and maintain a high school; provided, no discrimination shall be made on account of race or color; pro-

vided, further, that no tuition fee shall be collected from any pupil who is an actual resident of said city. The board of education shall have power, where the school accommodations are deemed insufficient, to exclude, for the time being, children between the ages of five and seven years."

This act has never been amended or repealed. The act of 1905 was expressly amendatory of the act of 1879, and was a general act with a special exception in relation to Kansas City, Kan. As the schools of Wichita had for years been under the special act of 1889, it cannot be inferred that the legislature intended the act of 1905 to have any application whatever thereto.

It is contended on the one hand that section 4 of the special act of 1889 prohibits discrimination on account of color in any and all of the public schools of Wichita, and on the other hand that the prohibition relates only to the high schools. However this may be, it is certain that the city is not by any provision thereof authorized to maintain any grade of its public schools for the separate education of white and colored children. The history of the legislation on this subject from 1868 to 1905 amounts almost to a legislative declaration that, in the absence of an express grant thereof, no city or school district has any authority to discriminate against any child or to deny it admission to any public school thereof on account of its color. Such, also, has been the uniform tenor of the decisions of this court. (See *Board of Education v. Tinnon,* 26 Kan. 1; *Knox v. Board of Education,* 45 Kan. 152, 25 Pac. 616, 11 L. R. A. 830; *Cartwright v. Board of Education,* 73 Kan. 32, 84 Pac. 382; *Board of Education v. Dick,* 70 Kan. 434, 78 Pac. 812; *Richardson v. Board of Education,* 72 Kan. 629, 84 Pac. 538.)

It follows that the plaintiff is entitled to the relief prayed for. The judgment of the district court is reversed and the case is remanded, with instructions to enter judgment for the plaintiff in accordance with the views herein expressed.