Argued at Pendleton May 7, reversed July 11, 1928.

## LUELLA M. JOHNSON *v.* ALFRED L. JOHNSON.

(268 Pac. 986.)

For appellant there was a brief over the names of *Messrs. Raley, Raley & Warner, Mr. A. S. Cooley* and *Mr. John F. Kilkenny,* with an oral argument by *Mr. C. H. Raley.*

For respondent there was a brief over the names of *Mr. Will M. Peterson, Mr. George R. Lewis* and *Mr. R. I. Keator,* with an oral argument by *Mr. Keator.*

COSHOW, J.— Plaintiff sued defendant for a divorce on the grounds of cruel and inhuman treat-

ment. They were married June 8, 1925. She left defendant December 2, 1927. The fruitage of the marriage is one boy, LeRoy Lester, who was seventeen months old at the time this suit was heard in the Circuit Court December 28, 1927. The alleged cruel and inhuman treatment continued about a year and a half up until and including the morning of Friday, December 2, 1927, and consisted in part of the following acts and conduct, to wit: Persisting at improper times and too frequently when plaintiff was sick and weak and against and over the protest of plaintiff of sexual intercourse; that defendant became very angry because of plaintiff's inability to respond to his desires at such times and used profane and vile language to plaintiff while defendant was very angry, causing plaintiff to be in great fear that defendant would do her and their infant child physical harm. It would be of no value to the profession to repeat the language used by defendant toward the plaintiff, nor would it be of any benefit to anyone to more specifically describe the cause of the trouble between plaintiff and defendant. Defendant concedes that the complaint is amply sufficient to justify a divorce if the allegations therein were proved. The evidence supports the complaint. In fact no question of law is seriously raised between the parties. The divorce is seriously contested. The nature of the charges and circumstances under which the offensive language was used by defendant toward plaintiff is of such a private nature that evidence thereof is not expected to be adduced from other witnesses than the parties themselves. Notwithstanding plaintiff's father had been living with her and defendant for about six months prior to the time plaintiff left defendant, he knew nothing of

any trouble between them. We would not expect him to know of such trouble, unless defendant had become so forgetful of social conventionalities as to have abused plaintiff in his presence. Although plaintiff alleges and testifies that such conduct had continued for a year and a half before she left defendant, her mother knew nothing about the trouble between them until about two weeks before the separation. Plaintiff then told her mother only after she found plaintiff crying and after urgent requests from her mother. The testimony of Dr. H. J. Kavanaugh corroborates plaintiff as does plaintiff's mother and sister to the effect that plaintiff was very nervous and weak. Dr. Kavanaugh was called by the defendant.

The natural attitude of a woman is to cling to the father of her child for comfort, help and support. The fact that plaintiff left defendant, took her child and does not ask alimony or share of their property corroborates plaintiff's testimony. Defendant's denials are categorical. He offers no explanation of plaintiff's conduct in leaving him. That conduct is inexplicable unless she has told the truth in her testimony. That she is entitled to a divorce, if her evidence is true, is not seriously questioned.

Plaintiff and defendant are both hard-working persons and apparently got along nicely together in every respect, except in the one particular upon which plaintiff's cause of suit is based. Defendant was attached to his home, gave practically all of his wages to his wife as he received it. She put the money in the bank in their joint names so that either could draw upon it. No trouble ever occurred between them over money or property matters. It is indeed unnatural for a wife to leave her husband to

whom she seemed to have been devotedly attached and whom she states she still loves, unless her testimony is true. We believe plaintiff has proved her charges against defendant.

■ She asked for $30 per month for the support of the child. Defendant denies that anything over $20 is a reasonable sum to contribute for that purpose. We believe that $25 is a reasonable sum and is sufficient until the child attains school age. The custody and allowance for the child are always open to modification, and for that reason the sum of $25 is fixed as a proper amount for defendant to pay to plaintiff for the support of the child. This sum should be paid to the clerk of the Circuit Court for Umatilla County on the first day of every month beginning with the first day of August, 1928.

Although plaintiff had in their checking account $60 at the time she left defendant, she took no money with her and left the check-book for the defendant. The testimony is to the effect that $100 is a reasonable sum to allow plaintiff for attorney's fee, and that $25 is a reasonable sum for suit expense is admitted by defendant in his answer. Plaintiff should be allowed her costs and disbursements in this court. Plaintiff is awarded the custody of the child, LeRoy Lester, but permission is given to defendant to visit said child at all reasonable times. The plaintiff will not be allowed to remove the child from the jurisdiction of the Circuit Court for Umatilla County, without permission of that court.

The decree dismissing plaintiff's complaint is reversed, and a decree will be entered here in accordance with this opinion.

REVERSED AND DECREE ENTERED.

RAND, C. J., and BEAN, J., concur.

ROSSMAN, J., Dissenting.—The issue before us is a pure question of fact. Both sides presented substantial evidence. The judge of the court below, who saw the witnesses, and possessed a far better opportunity than we of determining justly this issue, resolves it in favor of the respondent. I see no occasion for interfering with his result.