No. 29,324.

WILHEMINA WRIGHT, a Minor, by Her Father and Next Friend, GEORGE WRIGHT, et al., *Appellants*, v. THE BOARD OF EDUCATION OF THE CITY OF TOPEKA, Shawnee County, A. J. STOUT, Superintendent of Schools of the City of Topeka, and G. L. COFFMAN, Principal of Randolph School, *Appellees*.

(284 Pac. 363.)

Opinion filed February 8, 1930.

*Eugene S. Quinton,* of Topeka, for the appellants.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Virgil V. Scholes and Margaret McGurnaghan,* all of Topeka, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin the board of education of the city of Topeka, a city of the first class, from interfering with the attendance of Wilhemina Wright, a colored pupil, at Randolph school, a school maintained for white pupils, and transferring her as a pupil to the Buchanan school, a school maintained for colored pupils. After a hearing on the merits the court denied the injunction. Plaintiff has appealed.

For the reason that it is not necessary to a decision in the case, we pass by the question raised by appellees that injunction is not a proper remedy in such case, but that the action should have been one in mandamus.

Our statute (R. S. 72-1724) authorizes the boards of education in cities of the first class to organize and maintain separate schools for the education of white and colored children. This statute is valid. (*Board of Education v. Welch,* 51 Kan. 792, 33 Pac. 654; *Reynolds v. Board of Education,* 66 Kan. 672, 72 Pac. 724.) In accordance with it defendant for many years has maintained separate schools (for other than high-school students) for white and colored pupils. Plaintiff lives within a few blocks of Randolph school, and it is convenient for her to attend school there. Buchanan school is some

twenty blocks from plaintiff's residence, and to attend school there would require her to cross numerous intersections, where there is much automobile traffic, in going to and from school. No contention is made that the Buchanan school is not as good a school and as well equipped in every way as is the Randolph school. The sole contention made by appellant here is that defendant's order that plaintiff attend school at the Buchanan school is unreasonable in view of the distance she would have to go and the street intersections she would be compelled to cross, and on this point cites *Williams v. Parsons*, 79 Kan. 202, 99 Pac. 216. This contention is taken out of the case when we examine the pleadings, for plaintiff alleged that defendant furnishes transportation by automobile bus for plaintiff to and from the Buchanan school without expense to her or to her parents, and the answer of defendant admitted that it does so. There is no contention that this transportation is not adequate, appropriate or sufficient. The trial court properly held that the order of the board of education was not so unreasonable that it should be enjoined.

The judgment of the court below is affirmed.