No. 34,616

L. W. WRIGHT, *Appellant,* v. SCHOOL DISTRICT NUMBER 27 IN WOODSON COUNTY, et al., *Appellees.*

(99 P. 2d 737)

Opinion filed March 9, 1940.

*Guy Lamer* and *DeWitt M. Stiles,* both of Iola, for the appellant.

*James Malone, Clarence J. Malone,* both of Topeka, *Mark Karr,* of Yates Center, *W. D. Jochems* and *Emmet Blaes,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff, a resident taxpayer of the defendant school district, brought this action under G. S. 1935, 60-1121, to enjoin defendants from using funds of the district, raised by taxation on property, for the support of a second school within the district which was alleged to be controlled and operated as a school for the teaching of sectarian religious doctrines. Defendants' demurrer to the petition was sustained, and plaintiff has appealed.

So far as is pertinent here, the allegations of the petition may be summarized as follows: The school district has a well-constructed school building, in good repair, properly equipped, and in all respects adequate for the educational needs of the district; that without authority of law defendants are conducting a separate school at a stated place within the district remote from the school building just mentioned and in the dormitory and home of the priest and sisters of a Catholic church, which school is under the control of the priest and sisters, who are the teachers; that the school program and curriculum as taught is sectarian and parochial, and that defendants are expending large sums, derived from school taxes, for the purpose of maintaining such school, duplicating equipment, libraries and facilities, heating and lighting, and for maintaining, heating and lighting the priest's home and dormitory. It was further

alleged that defendants propose to or have entered into contracts to expend large sums derived from taxes for these purposes, and that such expenditures are unlawful and constitute a wrongful diversion of funds raised by taxation, to the burden of plaintiff᾽as a taxpayer.

Under our constitution (Bill of Rights, § 7, art. 6, § 8), our statutes (G. S. 1935, 72-1722, 72-1819) and our decisions (*A., T. & S. F. Rld. Co. v. City of Atchison,* 47 Kan. 712, 28 Pac. 1000; *Billard v. Board of Education,* 69 Kan. 53, 56, 76 Pac. 422), it is clear that no religious sect, or sects, can lawfully control our school funds, nor can sectarian doctrines be taught lawfully in our public schools. For other authorities see 5 A. L. R. 866, 879; 57 A. L. R. 195. Appellees not only concede this to be the law, but assure the court they agree and are in absolute accord with these fundamental principles.

Appellees rightfully contend that before one can maintain an injunction action under G. S. 1935, 60-1121, he must allege facts showing that the action, or threatened action, of defendant of which he complains is one which affects him personally as a taxpayer. This proposition is well established. (*Young v. Washington County Comm'rs,* 127 Kan. 227, 228, 273 Pac. 398, and authorities there cited.) We think the petition conforms to this test.

It is pointed out that a school district, if appropriate proceedings have been taken, may establish and maintain two or more schoolhouses in the district (*Griebel v. School District,* 110 Kan. 317, 321, 203 Pac. 718), and that, generally speaking, an allegation that the action of a board is illegal is a conclusion of law and not a statement of fact. (*Sheldon v. Board of Education,* 134 Kan. 135, 142, 4 P. 2d 430.) From these principles appellees argue that the allegation in the petition that "without authority of law" defendants are paying from tax moneys the expenses of conducting a separate school is a conclusion of law and not an allegation of fact. We think the point is not well taken. As used here, the allegation is tantamount to saying that legal steps had not been taken for the establishing of a second school in the district. The petition had not been attacked by motion to make it more definite, and for that reason is entitled to be liberally construed.

Appellees argue that plaintiff's real complaint is that sectarian doctrines are being taught, and points out that determining what is taught in a public school, and how such schools are conducted, are within the duties of the educational department of the state, and argue that plaintiff should have complained to the school board, or

county superintendent of public instruction, or the state superintendent, and if necessary should have called upon the attorney general to correct the wrong of which he complains by appropriate action, citing *State, ex. rel., v. Storey,* 144 Kan. 311, 58 P. 2d 1051. We think this doctrine is not applicable if plaintiff's burdens as a taxpayer are increased by the alleged action of defendants. Indeed, under our constitutional provisions, we would be slow to say the action could not be maintained by taxpayers to enjoin the use of tax funds to teach sectarian doctrines in our schools, even though there was no question about the regularity or legality of the establishment of the school.

While the petition, which we have not copied in full, contains some superfluous language, and its pertinent allegations might have been more definitely pleaded, we cannot say that it failed to state a cause of action.

The judgment of the court below is reversed with directions to overrule the demurrer.