No. 40,527

DENNIS CAMERON, a minor, by his parents and next friends, CLIFFORD WILLIAMSON, and PARTHENA WILLIAMSON; ARTHUR BOLTON, JR., TWYLA JUNE BOLTON, and JOYCE BOLTON, minors, by their parents and next friends, ARTHUR BOLTON, and RUTH BOLTON; DONALD WESLEY, JR., CHARLES WESLEY, and SHELIA WESLEY, minors, by their parent and next friend, DONALD WESLEY, SR.; ERNEST DANIEL HARRIS, JR., and STEPHEN LEROY HARRIS, minors, by their parent and next friend, ALENE HARRIS; MARION DAVIS, and LEONA DAVIS, minors, by their parents and next friends, HARRIS DAVIS and EVA MAE DAVIS; and PATRICIA LEWIS, RICHARD LEWIS, and LEONARD LEWIS, minors, by their parent and next friend, OPAL LEWIS, *Plaintiffs*, v. THE BOARD OF EDUCATION OF THE CITY OF BONNER SPRINGS OF THE STATE OF KANSAS, a corporation; GLENN R. BARB, President of the Board of Education of the City of Bonner Springs of the State of Kansas; DELBERT O. WENDT, MRS. R. L. BOYCE, CLARENCE BOYER, E. C. STARKS, and ROBERT L. SCOTT, Members of the Board of Education of the City of Bonner Springs of the State of Kansas; and C. H. BRANSON, Superintendent, *Defendants*.

(318 P. 2d 988)

Opinion filed December 7, 1957.

*William H. Towers*, of Kansas City, argued the cause, and *Elmer C. Jackson, Jr.*, also of Kansas City, was with him on the briefs for plaintiffs.

*J. D. Lysaught*, of Kansas City, argued the cause, and *Lee E. Weeks*, also of Kansas City, was with him on the briefs for defendants.

The opinion of the court was delivered by

SCHROEDER, J.: This is an original action in mandamus brought by fourteen Negro pupils of the school district of the City of Bonner Springs in Wyandotte County, Kansas, and their parents as next friends, to compel the school board, its members as individuals, and the superintendent to permit these pupils to enroll and attend the McDaniel and Southwest Common Grade Schools, which were

maintained exclusively for white children prior to the commencement of these proceedings.

The question presented is whether the Board of Education is authorized to establish and maintain separate grade schools for the education of white and colored children within the school district.

Upon the filing of the original motion for a writ of mandamus in this court an alternative writ was issued. Parties are not in agreement as to whether the defendants have complied with the alternative writ. Casting aside technicalities, we consider it immaterial and are, therefore, not disposed to labor this point. The facts admitted by the record before this court disclose that one of the plaintiffs, a Negro pupil by the name of Leona Davis, is presently attending the Lincoln Grade School in Bonner Springs, Kansas.

The motion for writ of mandamus states that plaintiffs on September 4, 1956, made a formal demand upon the Board of Education of the City of Bonner Springs to cease and desist from separating their children from the white children on the basis of race and color, and further states that said Board has established and maintains a separate common school, known as Lincoln Grade School, for the exclusive attendance of Negro school children in Bonner Springs, a city of the second class.

The defendants' answer to the alternative writ of mandamus admits ". . . that since the establishment of the elementary schools within said District the building designated as Lincoln school was established for the attendance of negro school children, but defendants specifically deny that they did force said negro children to attend said grade school . . ."

The foregoing together with other matters contained in the record make it clear that the Board of Education of the City of Bonner Springs, a city of the second class, is, in truth and in fact, maintaining Lincoln Grade School as a segregated public school for colored children. This is unlawful.

Prior to recent decisions of the United States Supreme Court in 1954, the Kansas legislature had power under the State Constitution to separate the white and colored races in public schools by a legislative act and could confer that power on Boards of Education under the "separate but equal" doctrine in the case of *Plessy v. Ferguson,* 163 U. S. 537, 16 S. Ct. 1138, 41 L. Ed. 256. (See, *Reynolds v. Board of Education,* 66 Kan. 672, 72 Pac. 274; and *Richardson v. Board of Education,* 72 Kan. 629, 84 Pac. 538.)

The Kansas legislature exercised this power by the enactment of a statute granting cities of the first class, except Wichita, authority to organize and maintain separate schools for the education of white and colored children (now G. S. 1949, 72-1724), and this statute was held valid in *Wright v. Board of Education*, 129 Kan. 852, 284 Pac. 363. (See, *Rowles v. Board of Education*, 76 Kan. 361, 91 Pac. 88; and *Thurman-Watts v. Board of Education*, 115 Kan. 328, 222 Pac. 123.)

The Kansas legislature did not, however, grant Boards of Education of cities of the second class and other school districts statutory authority to segregate colored pupils from white pupils, and they therefore had no such power, express or implied. (*Webb v. School District*, 167 Kan. 395, 206 P. 2d 1054; *Board of Education v. Tinnon*, 26 Kan. 1; *Knox v. Board of Education*, 45 Kan. 152, 25 Pac. 616; *Cartwright v. Board of Education*, 73 Kan. 32, 84 Pac. 382; and *Woolridge v. Board of Education*, 98 Kan. 397, 157 Pac. 1184.) Furthermore, Boards of Education of cities of the second class and other school districts, except cities of the first class, had no power or authority to maintain segregated schools either by choice or desire of the colored people themselves, or by mutual agreement on the part of both the white and colored races. (*Knox v. Board of Education*, supra.)

The foregoing cases have been superseded by *Brown v. Board of Education*, 347 U. S. 483, 74 S. Ct. 686, 98 L. Ed. 873, 38 A. L. R. 2d 1180 (amplified, 349 U. S. 294, 75 S. Ct. 753, 99 L. Ed. 1083); and *Bolling v. Sharpe*, 347 U. S. 497, 74 S. Ct. 693, 98 L. Ed. 884, decided May 17, 1954. These decisions have invalidated G. S. 1949, 72-1724, on the ground that it is unconstitutional.

In the *Brown* case the United States Supreme Court held that segregation of white and Negro children in public schools of a state solely on the basis of race, pursuant to state laws permitting or requiring such segregation, denies to Negro children the equal protection of the laws guaranteed by the Fourteenth Amendment, even though the physical facilities or other "tangible" factors of white and Negro schools may be equal. It rejected the "separate but equal" doctrine adopted in *Plessy v. Ferguson*, supra, as having no place in the field of public education.

We therefore hold that the maintenance of a segregated grade school for colored children by the Board of Education of the City of Bonner Springs is racial discrimination in public education and

must yield to the principle that such discrimination is unconstitutional in that it deprives the children of the minority group of equal educational opportunities. It amounts to a deprivation of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Federal Constitution.

It is, therefore, by the court ordered and adjudged that a peremptory writ of mandamus issue to each and all of the named defendants, directing them to proceed with reasonable diligence to integrate the public grade schools in the school district of Bonner Springs, Wyandotte County, Kansas, and to comply with the order of this court in no event later than the commencement of the fall term of school in 1958.

The costs of this action are taxed to the defendants.

It is so ordered.