No. 42,533

L. L. TRIPP, J. A. BLACK, O. F. BALDWIN and GEORGE E. ALDERSON, Individually and for All Other Persons Similarly Situated, *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellant.*

(362 P. 2d 612)

Opinion filed June 10, 1961.

*Lester M. Goodell,* of Topeka, argued the cause, and *Robert Brown,* county attorney, was with him on the briefs for the appellant.

*E. H. Hatcher,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action under the declaratory judgment act (G. S. 1949, 60-3127 *et seq.*) brought by four taxpayers in Shawnee county for the benefit of themselves and all other taxpayers similarly situated. The action was based upon G. S. 1949, 60-1121 and G. S. 1949, 25-1501, and sought to have the trial court determine the propriety and legality of the procedures and actions taken, then being taken and to be taken by the board of county commissioners of Shawnee county (hereinafter referred to as the board) with reference to the location and/or relocation of a site or sites for new courthouse facilities, the acquisition thereof, the construction of such facilities, and the financing of the expense therefor. The cause attacked the alleged illegal procedures and actions of the board in connection with the proposed new courthouse facilities resulting in the alleged increase of plaintiffs' taxes. From an order of the trial court overruling defendant board's demurrer to plaintiffs' petition, it appeals.

Defendant contends that its demurrer should have been sustained on the ground that plaintiffs did not have the legal capacity to maintain this action under G. S. 1949, 60-3127 *et seq.* and G. S. 1949, 60-1121, and that plaintiffs' petition failed to state facts sufficient to constitute a cause of action against defendant under G. S. 1949, 60-1121 and G. S. 1949, 25-1501.

In view of the contentions presented by the appeal, the very lengthy and particularized petition will only be summarized, insofar as pertinent to the questions involved herein. In substance, the petition of plaintiffs (appellees) alleged that the "Special Elections Ballot" submitted to the electors of Shawnee county on April 7, 1959, which the defendant (appellant) contends authorized it to sell the present courthouse and site, was void for the reason, among others stated, that the ballot contained a combination of dual, conflicting and confusing propositions; that the present courthouse site, which was legally approved as a site for the new courthouse, has never been legally abandoned; that the "Special Election Ballot" submitted to the electors August 2, 1960, for a change of the courthouse site, was void, as no provision was made for proper parking space as required by statute; that the "Special Election Ballot" submitted to the electors August 2, 1960, was void for the reason that it constituted a fraud on the taxpayers in specified particulars which need not be repeated here; that the board's alleged conduct, purpose and intentions, as fully set out, constituted a constructive fraud on the taxpayers and electorate of the county, and particularly the plaintiffs, and constituted a subterfuge to violate the statutory limitation on courthouse expenditures; that the board is unlawfully proceeding to acquire a new courthouse site, construct a building and make expenditures from its special fund by proceeding piecemeal to have the plans and specifications separately drawn and paid for, the land separately acquired and paid for, the building separately constructed and bonded and the parking space separately acquired and paid for, thus avoiding the expenditure limitation and the bond limitation fixed by statute for the construction and change of a courthouse and a change of site, and denying the taxpayers their statutory right to protest and to have a vote of the electors as to the amount to be expended and the amount of bonds to be issued as provided by law.

Plaintiffs further alleged that if the defendant board were permitted to unlawfully proceed further as it had done, was doing and proposed to do, such action, conduct and procedure and the acquisi-

tion of the site and the construction of the courthouse thereon would increase the over-all cost to the taxpayers of Shawnee county in an amount in excess of $1,000,000, and that by reason thereof the amount of taxes which the plaintiffs and all other taxpayers would have to pay would be substantially and unlawfully increased.

The defendant demurred to the petition on the grounds that the plaintiffs had no legal capacity to sue and that the petition did not state facts sufficient to constitute a cause of action against the defendant. As to the second ground, we have held many times that when an action for a declaratory judgment is filed and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute (G. S. 1949, 60-3127 *et seq.*), it is the duty of the district court to overrule the demurrer to the petition and to proceed in accordance with the provisions of the act (*Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221; *Simmons v. Reynolds,* 179 Kan. 785, 298 P. 2d 345; *State Association of Chiropractors v. Anderson,* 186 Kan. 130, 348 P. 2d 1042; *McAdam v. Western Casualty & Surety Co.,* 186 Kan. 505, 351 P. 2d 202).

The defendant may properly raise by a demurrer the lack of plaintiffs' legal capacity to sue. There is no question but what the petition alleged an actual controversy, if the plaintiffs had the legal capacity to maintain the action under G. S. 1949, 60-1121.

It is conceded that a private citizen cannot by virtue of being a taxpayer maintain an action against public officials when the act complained of affects merely the interests of the public in general (*Dunn v. Morton County Comm'rs,* 162 Kan. 449, 177 P. 2d 207). This is the common law rule. However, when his pocketbook is affected, a taxpayer is guaranteed a statutory remedy under section 60-1121. In *Patrick v. Haskell County,* 105 Kan. 153, 181 Pac. 611, it was stated that a taxpayer may maintain an action under section 60-1121 to enjoin the removal of a county seat when that removal is attempted in obedience to an election held under an unconstitutional law and which would result in the levy of a tax to provide county buildings and to pay the expense of such removal. It was further stated with reference to section 60-1121 that this court has declared a number of times that any person whose property may be affected may enjoin any public board or body from doing any act not authorized by law, which act may result in the levy of any illegal tax on his property.

One may maintain an action for injunctive relief under section 60-1121 when he alleges wrongful and illegal matters which affect his pocketbook by unlawfully increasing his taxes (*Home Riverside Coal Mines Co. v. McAuliffe,* 126 Kan. 347, 268 Pac. 986; *Drenning v. City of Topeka,* 148 Kan. 366, 81 P. 2d 720; *Wright v. School District,* 151 Kan. 485, 99 P. 2d 737). In *Tyler v. Common School District No. 76,* 177 Kan. 387, 396, 279 P. 2d 302, we held that taxpayers of the school district were entitled to maintain an action under section 60-1121 challenging the location of a school site. It was stated in *Kendall v. Elliot,* 177 Kan. 630, 632, 281 P. 2d 1088:

"G. S. 1949, 60-1121, provides that an injunction may be granted to enjoin the illegal levy of any tax or the collection of any illegal tax, and that any number of persons whose property is or may be affected by a tax or assessment so levied may unite in the action filed to obtain such injunction. We think that clearly plaintiffs' action falls within the purview of that statute."

In *Bishop v. Sewer District No. 1,* 184 Kan. 376, 380, 336 P. 2d 815, it was again stated that, undoubtedly, section 60-1121 grants individuals the right to enjoin the levy or collection of illegal taxes, or to enjoin illegal acts which may result in the creation of any public burden or the levy of any illegal tax.

Plaintiffs' petition alleged that the illegal procedure and fraudulent action on the part of defendant would result in an increase of their tax burden, and that if the defendant board were permitted to unlawfully proceed further as it had done, was doing and proposed to do, such action, conduct and procedure, and the proposed construction of the courthouse on the purported new site and the acquisition of the latter would increase the over-all cost to the taxpayers of Shawnee county in an amount in excess of $1,000,000, and by reason thereof the amount of taxes which the plaintiffs and the other taxpayers would have to pay would be substantially and unlawfully increased. We are of the opinion that plaintiffs under the allegations of the petition had a legal capacity to maintain an action under G. S. 1949, 60-1121 and therefore had a right to maintain this action for a declaratory judgment and remedial relief under G. S. 1949, 60-3127 *et seq.* The petition set forth facts showing an actual controversy, and the trial court properly overruled defendant's demurrer thereto.

The facts here appear to be a matter of public, as well as private, concern and are of vital importance to both. The remaining questions, in the very nature of their character and importance, should not be determined in the absence of a full disclosure of all the

pertinent facts. It would be well for the parties to join issues by proper pleadings and to have the case tried on its merits. The judgment of the trial court is affirmed.

It is so ordered.