No. 37,661

HYDE PARK DAIRIES, INC., *Appellant*, v. THE CITY OF NEWTON, a Municipal Corporation, *Appellee*.

(208 P. 2d 221)

Opinion filed July 9, 1949.

*George B. Powers*, of Wichita, argued the cause, *George Siefkin, Samuel E. Bartlett, Andrew F. Schoeppel, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Thomas E. Woods* and *Robert C. Foulston, Jr.*, all of Wichita, and *J. G. Somers*, of Newton, were with him on the briefs for the appellant.

*J. Sidney Nye* and *C. Fred Ice*, both of Newton, argued the cause, and *Alden E. Branine, John P. Flinn* and *Lelus Brown*, all of Newton, were with them on the briefs for the appellee. ·

*W. M. Ferguson*, of Wellington, *George T. McNeish, Harry O. Janicke* and *John A. Herlocker*, all of Winfield, and *Donald Hickman, George Templar* and *Earle N. Wright*, all of Arkansas City, as *amici curiae*.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted by Hyde Park Dairies, Inc., of Wichita, engaged in the processing of milk and milk products and in the distribution and sale thereof, to determine the validity of a milk ordinance of the city of Newton.

The petition was framed primarily with the view of obtaining an adjudication under the declaratory judgment act. (G. S. 1935, 60-3127 to 60-3132, incl.)

The demurrer of the city of Newton was sustained to plaintiff's amended petition and the plaintiff appeals. Pertinent averments of the amended petition are appended to the opinion and made a part hereof. The petition had been attacked by motions to strike and to make definite and certain. One part of the first motion was sustained and another part was overruled. The second motion was sustained. The amended petition was not attacked by motion but only by demurrer on the following grounds:

"First: That the court has no jurisdiction of the subject of the action.

"Second: That the petition does not state facts sufficient to constitute a cause of action."

The ruling does not disclose on which of such grounds the demurrer was sustained or whether it was sustained on both grounds.

The district court, of course, has original jurisdiction in declaratory judgment actions. It is expressly granted jurisdiction in such cases involving the *interpretation* of municipal ordinances. (G. S. 1935, 60-3127.) It has long been settled courts also have jurisdiction, under the declaratory judgment act, to determine the *validity* of statutes or ordinances before a party undertakes to act in apparent violation thereof. That is the purpose and intent of the remedial relief contemplated by the act. (G. S. 1935, 60-3132; *City of Wichita v. Wichita Gas Co.*, 126 Kan. 764, 769, 271 Pac. 270.) It follows the first ground of the demurrer is not good.

Appellant next contends the second ground of the demurrer cannot be sustained for the reasons (1) the amended petition clearly shows on its face an actual controversy exists and (2) such a showing is sufficient to withstand a general demurrer in an action framed under the declaratory judgment law.

The amended petition fairly bristles with controversy and appellee does not contend otherwise. In order to understand that such a showing in a petition is sufficient when challenged by a general demurrer it is necessary to clearly understand the peculiar nature of the declaratory judgment act and how actions thereunder differ from ordinary actions. The essence of an action under that act is the existence of an actual controversy. If a petition drawn pursuant to that act discloses an actual controversy exists with respect to any subject matter within the purview of the act the petitioner has made the initial showing which entitles him to a hearing on the remedial relief sought. Such a petition is sufficient to require the defendant to move forward with an answer. It is

not necessary that the petition disclose all the facts and contentions which may ultimately become involved in the remedial relief sought under the provisions of G. S. 1935, 60-3132. Whether the petitioner ultimately shall be entitled to such relief is to be determined from a full disclosure of all the material facts and contentions of the respective parties. These should appear by stipulation of the parties or from matters clearly alleged in the pleadings.

In *School District v. Sheridan Community High School,* 130 Kan. 421, 286 Pac. 230, we held:

"When an action is filed for a declaratory judgment and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, R. S. 60-3127, it is the duty of the district court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of R. S. 60-3127 to 60-3132, inclusive." (Syl. ¶ 1.)

To the same effect are the later cases in which the propriety of employing a demurrer to a petition in such actions was determined. (*City of Cherryvale v. Wilson,* 153 Kan. 505, 510, 112 P. 2d 111; *Doman Hunting & Fishing Ass'n v. Doman,* 159 Kan. 439, 445, 155 P. 2d 438.)

The soundness of this general rule seems obvious. While there may be cases in which no facts a defendant might plead and no contentions he might make could possibly affect the interpretation or validity of a statute or ordinance, we do not desire to so conclude in advance of an answer and hearing in this case. We are convinced it was not the intention of the declaratory judgment act to prejudge matters which might become material in determining the propriety or justice of the relief sought. This it would seem is doubly true where the constitutionality of a statute or ordinance affecting the public interest is involved.

What a defendant alleges or contends may, or may not, ultimately aid him but these matters should be fully presented in a proceeding instituted prior to a violation of legislative prohibitions for the purpose of obtaining an adjudication of the rights of the parties. That was the express purpose of the act. (*City of Wichita v. Wichita Gas Co.,* supra, p. 769.) These things were all spelled out in detail in *City of Cherryvale v. Wilson,* supra. After clearly stating the *contentions* of the respective parties must appear from the *pleadings* and not from their *briefs* we further said:

"It is rare that a demurrer is an appropriate pleading for the defendant to file to a petition for a declaratory judgment. Assuming there is an actual controversy between the parties, the petition should state the facts out of which

the controversy arose, should state clearly the view or claim of plaintiff, and also state clearly the view or claim of the defendant, and the court should be asked to adjudicate the controversy. The appropriate pleading for defendant to file is an admission that the controversy arose from the facts stated by plaintiff, and that plaintiff's contention is correctly stated; also, that defendant's contention is correctly stated, if, of course, defendant agrees that the matters are so pleaded. If defendant thinks the facts giving rise to the controversy are not accurate or fully stated, or that the contention of the plaintiff or that the contention of the defendant is not accurately or fully stated, his answer should plead the facts and the contentions as he understands them to be. If defendant pleads the facts and the contention is contrary to that pleaded by plaintiff, plaintiff by reply should either admit those, or deny them. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy as to how the contentions of the parties arose, or as to what they are; these things should be agreed upon in the pleadings, or some other form of an action should be brought." (p. 510.)

In concluding the amended petition was sufficient to withstand a general demurrer we have not overlooked appellee's contention the petition contained some conclusions rather than allegations of fact. Assuming, without deciding, some of the contentions are good the facts well pleaded disclose an actual controversy existed which, as previously indicated, is sufficient.

One other point pertaining solely to the interpretation of the ordinance should be noted. The amended petition, among other things, alleges:

"That an actual controversy exists between the plaintiff and the defendant as to the validity of the ordinances above referred to as *construed and applied by the defendant City* in excluding the plaintiff from its legal right to deliver and sell milk products in the City of Newton, and to be issued a license and permit to do so." (Our italics.)

From the allegations of the amended petition it would appear section 11 of the ordinance is the principal provision in controversy. The contention of appellee with respect to the proper interpretation and application thereof is contained in no pleading. Appellee's contentions can be gleaned only from its brief and oral argument. On oral argument before this court it appeared counsel for appellee were not in full accord as to its proper interpretation. The record does not disclose what interpretation the trial court may have placed upon it. This court cannot review such interpretation without knowing what it was. Furthermore, any controversy that may exist relative to the proper interpretation of the ordinance should be laid at rest before determining controversies pertaining to its constitutional validity.

In any event the amended petition clearly discloses an actual controversy exists and the order sustaining the demurrer must be reversed. It is so ordered.

HARVEY, C. J., dissents.

———

"THIRD: That the plaintiff is engaged in the processing of milk and milk products and in the distribution and sale of milk and milk products in the City of Wichita and in various cities in the trade area of the City of Wichita. That in the conduct of its business it is subject to and has complied with the statutes of the State of Kansas relating to public health and the provisions of the Food and Drug Act, the law and rules and regulations of the Board of Agriculture of the State of Kansas which deals specifically with the production, handling, and sale of milk and other dairy products, and the United States Public Health Service Milk Code.

"That in addition thereto, the plaintiff herein is subject to and has complied with all the terms and the rules and regulations of the ordinances of the City of Wichita pertaining to the handling and sale of milk and milk products. That said ordinance referred to in the City of Wichita is a standard ordinance complying with the United States Public Health Service Milk Code. That a copy of said ordinances is made a part hereof as if fully set forth herein. That said plaintiff has been fully inspected and approved under the terms of the said Wichita ordinances above referred to, and in compliance with such ordinances, the plaintiff has been approved as complying with all the terms of the United States Public Health Service Milk Code. That said United States Public Health Service Milk Code and the ordinances of the City of Wichita are more stringent in their regulations and inspections than is ordinance No. 1184 and No. 1251 of the ordinances of the City of Newton, hereinafter referred to, except they do not contain provisions such as Section 11 of the Newton Code hereinafter set forth. ·

"FOURTH: That the plaintiff made application to the defendant city for a permit to serve and sell in the city of Newton, Hyde Park pasteurized, homogenized grade A milk in paper cartons, and offered to and now stands ready to comply with each, every, and all of the provisions and ordinances of the City of Newton relating thereto, including the payment of all fees, except that it has not offered to and cannot comply with Section 11 as hereinafter set

forth. That the City of Newton, Kansas, acting through its Board of Commissioners, denied said milk permit.

"FIFTH: Plaintiff alleges, on information and belief, that defendant City, purported to act under and pursuant to the terms of Ordinances No. 1184 and No. 1251 of the City of Newton, which ordinances are made a part hereof, but because of length are not set forth in full herein. Plaintiff further alleges, on information and belief, that defendant City, in denying and refusing a license or permit to the plaintiff, claims to have acted pursuant to Section 11 of Ordinance No. 1184, which reads as follows:

" 'SECTION 11. MILK AND MILK PRODUCTS FROM POINTS BEYOND THE LIMITS OF INSPECTION OF THE CITY OF NEWTON, KANSAS. Milk and milk products from points beyond the limits of 15 mile inspection of the City of Newton, may not be sold in the City of Newton or its police jurisdiction unless produced and pasteurized under grading provisions identical with those of this ordinance and approved by the Milk Inspector. Limits of inspection shall not exceed 15 miles beyond the city limits.'

"SIXTH: That the action of the defendant City and its Board of Commissioners in denying the application of the plaintiff for a permit or license to sell and deliver milk and milk products in the City of Newton to the plaintiff was and is illegal, arbitrary, capricious and void for the following reasons:

"(a) That the ordinance under which the defendant City claims to have acted, and particularly Section 11 thereof which is set forth above, while purporting to govern and regulate the sale of all milk and milk products within the City of Newton, is inconsistent and arbitrary in that it purports to permit the sale of milk and milk products in the City of Newton providing such milk or milk products are produced under certain standards, but by limiting inspection to a fifteen-mile radius, makes it impossible for any producer or vendor of milk beyond such radius to comply with the terms and conditions of said ordinance.

"(b) That said ordinance, and the interpretation thereof, has no reasonable or proper relation to the health or welfare of the citizens of Newton, but arbitrarily classifies producers or vendors of milk and milk products so as to grant a monopoly to producers or vendors within the fifteen-mile radius and to exclude those beyond such limits from the market in the City of Newton, thereby denying equal protection of the laws and violating the due process of law as guaranteed by the laws and constitution of the State of Kansas and of the United States.

"(c) That Section 11 of said ordinance is inconsistent with and in conflict with the statutes and regulations of the State of Kansas relating to public health, the provisions of the Pure Food and Drug Act and the Board of Agriculture of the State of Kansas, none of which have any section whatever similar to Section 11 or in any manner restricting the production, pasteurization and inspection to any territorial limits whatever.

"SEVENTH: That the plaintiff has no adequate remedy at law, and cannot otherwise have its rights determined herein except by violation of the terms of said void ordinance, and criminal prosecution thereon if such prosecution should in fact be instituted by the defendant City.

"EIGHTH: That an actual controversy exists between the plaintiff and the defendant as to the validity of the ordinances above referred to as construed and applied by the defendant City in excluding the plaintiff from its legal right to deliver and sell milk products in the City of Newton, and to be issued a license and permit to do so.

"WHEREFORE, and by reason of the foregoing, plaintiff prays judgment against the defendant as follows:

"1. For an order of this Court determining and adjudicating that an actual controversy exists between the parties.

"2. For a declaratory judgment determining and adjudicating that the ordinance in itself or as interpreted and applied by the defendant as precluding the sale of milk or milk products by the plaintiff in the City of Newton, Kansas, is invalid and void.

"3. If upon determination of the legal controversy the defendant by and through its Board of Commissioners and the other representatives and agents of said City shall fail or refuse to accept and acquiesce in the judgment of this Court, that a writ of mandamus issue to said City and its officers, agents, and employees ordering and directing said defendant and its representatives to issue to the plaintiff a permit to sell milk and milk products in the City of Newton, Kansas, upon payment by the plaintiff of the lawful and regular fees therefor.

"Plaintiff further prays for its costs herein, and such other relief as is just and equitable."