No. 37,909

A. O. STALNAKER, *Appellant,* v. DANIEL P. McCORGARY and MAY FRANCIS McCORGARY, his wife, *Appellees.*

(223 P. 2d 738)

Opinion filed November 10, 1950.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright,* of Arkansas City, was with him on the briefs for the appellant.

*C. Wayne Stevens,* of Ponca City, Okla., argued the cause, *J. H. Taggart* and *E. J. Taggart,* both of Wellington, and *Roy E. Grantham,* of Ponca City, Okla., were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: A. O. Stalnaker, a resident of Sumner county, brought this action under the declaratory judgment act (G. S. 1935, 60-3127 to 60-3132, incl.) in the district court of such county for the purpose of obtaining an interpretation of an oil and gas mineral conveyance held by him on eighty acres of land in that county, claiming that under the facts set forth in his petition and the terms of such conveyance he was entitled to a portion of the proceeds received from the sale of oil and gas which was being produced from such tract of land.

The defendants, Daniel P. McCorgary and May Francis McCorgary, the grantors in such mineral conveyance, filed a general demurrer to the petition which was sustained by the district court. Plaintiff appeals from that order and judgment.

Appellant's first specification of error is that the trial court erred in sustaining the demurrer to the petition.

No useful purpose would be served by setting forth in detail the allegations of the petition which, we pause to add, by reference include a copy of the mineral conveyance in controversy. It suffices to say such pleading has been examined and that its allegations make it clearly appear there is an actual controversy between the parties with respect to the construction to be given the terms of the instrument in controversy. In that situation the established rule in this jurisdiction is that the petition is sufficient as against a general demurrer and requires adverse parties to move forward with an answer in order that there may be a full and complete adjudication of the rights of the respective litigants based upon all the prevailing material facts and circumstances which may ultimately become involved in the remedial relief sought under provisions of the act.

Long ago in *School District v. Sheridan Community High School,* 130 Kan. 421, 286 Pac. 230, we held:

"When an action is filed for a declaratory judgment and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, R. S. 60-3127, it is the duty of the district court to overrule the

demurrer to the petition and proceed with the cause in accordance with the provisions of R. S. 60-3127 to 60-3132, inclusive." (Syl. 1.)

Our reasons for pronouncement of the rule announced in the case just cited were clearly set forth in the later case of *City of Cherryvale v. Wilson*, 153 Kan. 505, 112 P. 2d 111, where we said:

"It is rare that a demurrer is an appropriate pleading for the defendant to file to a petition for a declaratory judgment. Assuming there is an actual controversy between the parties, the petition should state the facts out of which the controversy arose, should state clearly the view or claim of plaintiff, and also state clearly the view or claim of the defendant, and the court should be asked to adjudicate the controversy. The appropriate pleading for defendant to file is an admission that the controversy arose from the facts stated by plaintiff, and that plaintiff's contention is correctly stated; also, that defendant's contention is correctly stated, if, of course, defendant agrees that the matters are so pleaded. If defendant thinks the facts giving rise to the controversy are not accurate or fully stated, or that the contention of the plaintiff or that the contention of the defendant is not accurately or fully stated, his answer should plead the facts and the contentions as he understands them to be. If defendant pleads the facts and the contention is contrary to that pleaded by plaintiff, plaintiff by reply should either admit those, or deny them. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy as to how the contentions of the parties arose, or as to what they are; these things should be agreed upon in the pleadings, or some other form of an action should be brought." (pp. 510 and 511.)

In *Doman Hunting & Fishing Ass'n v. Doman*, 159 Kan. 439, 445, 155 P. 2d 438, we again had occasion to pass upon the force and effect of a demurrer to the petition filed under the provisions of the declaratory judgment act and once more adhered to the rule announced in *School District v. Sheridan Community High School*, supra.

Later in *Hurst v. Brown*, 166 Kan. 496, 203 P. 2d 246, we definitely indicated there was but one test to be applied in determining the sufficiency of a petition in a declaratory judgment proceeding. At pages 502 and 503 of the opinion in that case we said:

". . . While a demurrer is rarely used in attacking a petition for declaratory judgment when a party elects to so employ it we have held the test to be applied in determining its sufficiency is whether such pleading sets forth facts which make it clearly appear there is an actual controversy between the parties and just what that controversy is. See *City of Cherryvale v. Wilson*, 153 Kan. 505, 112 P. 2d 111. When the first cause of action is measured by the foregoing rule we have little difficulty in concluding the trial court's action in overruling the demurrer on the ground now under consideration was proper.

"This appeal, as we have seen, is limited solely to the sufficiency of the petition. No one contends the trial court rendered a declaratory judgment on the facts as pleaded. Notwithstanding, appellant seeks to enlarge the scope of our

review by attempting to argue and have us decide the merits of the cause. This we cannot do. Under the statute (G. S. 1935, 60-3302) giving us appellate jurisdiction our province, in fact the extent of our power, is to reverse, vacate, or modify or sustain the trial court's judgment."

Still later and in the very recent case of *Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221, we cited with approval all of the decisions to which we have heretofore referred and held:

"When an action is filed for a declaratory judgment and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, R. S. 60-3127, it is the duty of the district court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of R. S. 60-3127 to 60-3132, inclusive.

"An amended petition framed with the view of obtaining remedial relief under the declaratory judgment act examined, considered and *held,* the demurrer thereto was improperly sustained." (Syl. ¶¶ 3, 4.)

And in the opinion said:

"The soundness of this general rule seems obvious. While there may be cases in which no facts a defendant might plead and no contentions he might make could possibly affect the interpretation or validity of a statute or ordinance, we do not desire to so conclude in advance of an answer and hearing in this case. We are convinced it was not the intention of the declaratory judgment act to prejudge matters which might become material in determining the propriety or justice of the relief sought. . . .

"In any event the amended petition clearly discloses an actual controversy exists and the order sustaining the demurrer must be reversed. . . ." (pp. 732, 734.)

We fail to discern any sound or plausible reason for relaxing the rule announced in the foregoing decisions and to which we have heretofore adhered. Indeed where a petition is filed under the provisions of the declaratory judgment act, except where it fails to set forth facts which clearly make it appear there is a controversy between the parties and just what that controversy is, we are unable to conceive of any situation where a demurrer, based on grounds such pleading fails to state facts sufficient to constitute a cause of action, should be sustained. This conclusion, we believe, is inescapable when due consideration is given to the fact the act itself clearly contemplates an adjudication based upon the rights of the respective parties after a full disclosure of all the pertinent existing facts and circumstances together with their contentions with respect thereto and not a finding or decision, as it must be conceded is true upon the sustaining of such a demurrer, that the party filing the petition has simply failed, by

reason of the insufficiency of its allegations, to state what, in some other form of action, would deprive him of a full and complete hearing upon the merits of the existing controversy.

While not essential to a decision of the cause it should perhaps be here stated the instant case furnishes another illustration of the soundness of the general rule to which this court is committed. The parties are not in agreement as to certain facts set forth in the petition and their briefs are replete with contentions respecting the weight to be given those facts in determining their respective rights under the terms of the involved mineral conveyance.

Since the petition sets forth an "actual controversy" between the parties as to their respective rights under the involved mineral conveyance the district court should have overruled the demurrer and proceeded with the cause as contemplated by the provisions of G. S. 1935, 60-3127 to 60-3132, inclusive. Therefore the judgment is reversed with directions to overrule the demurrer and proceed as herein indicated.