SADIE B. SIMMONS, also known as SADIE Y. BOARMAN; ROBERT GRAHAM YETTER, KEITH BARTLETT YETTER, WARREN HILL YETTER and JUDD C. BENSON, *Appellees*, v. CLARENCE REYNOLDS, Trustee; THE OGALLAH CHRISTIAN CHURCH, a Corporation; CLARENCE REYNOLDS, J. L. POWERS, HORACE WYNN, S. L. POWERS, GEORGE GLASS, SR., LEO MATTKE, CARROLL WYNN, and THE TEXAS COMPANY, a Corporation (Defendant), *Appellants*.

No. 40,150

In the Matter of the Estate of Elizabeth Yetter, Deceased. SADIE B. SIMMONS, et al., *Appellees*, v. CLARENCE REYNOLDS, Trustee, et al., *Appellants*.

(298 P. 2d 345)

Opinion filed June 9, 1956.

*Richard M. Driscoll*, of Russell, argued the cause, and *Jerry E. Driscoll*, of Russell, and *Ralph H. Clark*, of WaKeeney, were with him on the briefs for the appellants.

*Ward D. Martin*, of Topeka, argued the cause, and *Ernest J. Deines*, and *William Wagner*, both of WaKeeney, and *A. Harry Crane, Arthur L. Claussen, Harvey D. Ashworth, Robert L. Webb, Ralph W. Oman, Philip E. Buzick, Robert A. McClure*, and *James D. Waugh*, all of Topeka, were with him on the briefs for the appellees.

786

The opinion of the court was delivered by

WERTZ, J.: These consolidated appeals are from an order of the trial court overruling defendants' demurrer to plaintiffs' petition in each case.

Plaintiffs are the residuary legatees, and defendant The Ogallah Christian Church is the beneficiary under the trust created by the last will and testament of Elizabeth Yetter, deceased. Defendant Clarence Reynolds is the qualified and acting trustee of the trust estate. The remaining defendants, with the exception of The Texas Company, are the trustees of defendant The Ogallah Christian Church. Defendant The Texas Company is the assignee of a certain oil and gas lease covering the property involved.

The appellees in each case will be referred to as plaintiffs, and appellants as defendants.

In case No. 40,149, plaintiffs as residuary legatees brought their action in the district court of Trego County under the Declaratory Judgment Act (G. S. 1949, 60-3127, *et seq.*) for a declaratory judgment interpreting the last will and testament of the decedent, and to determine the rights of plaintiffs and defendants to certain income from real estate devised under the will.

Case No. 40,150 was a proceeding filed on the same day by plaintiffs in the probate court of Trego County, asking that court to determine the interests of the parties in certain property and income, and for an accounting by the trustees of the income from the trust estate created by Elizabeth Yetter, deceased. The probate court proceedings were duly certified to the district court of Trego County, and on application of the plaintiffs, without objection on the part of defendants, the cases were consolidated for the purpose of hearing defendants' identical demurrers filed therein. In overruling the demurrer in each case, the trial court found that the petition in case No. 40,149 stated an actual controversy and cause of action for declaratory judgment for construction of a will and testamentary trust; that in addition it contained prayers, the validity of which is not now decided, for additional relief based on plaintiffs' contentions of what the declaratory judgment should be, and further found that the petition in case No. 40,150 was merely a petition by alleged interested parties for disapproval of the trustee's accounts and disbursements, with a prayer for an accounting and judgment against the trustee for sums alleged to be due plaintiffs, all based

on their contentions as to what the declaratory judgment in case No. 40,149 should be.

Defendants first contend that the petition in case No. 40,149 fails to state facts sufficient to show that an actual controversy exists.

No useful purpose would be served by setting forth in detail the allegations of the lengthy petition which includes, by reference, a copy of the will in controversy. We have examined the petition, and its allegations make it clearly appear there is an actual controversy between the parties with respect to the construction to be given the terms of the will. In that situation, the long and well-established rule in this state is that a petition is sufficient as against a demurrer, and requires adverse parties to move forward with an answer in order that there may be a full and complete adjudication of the rights of respective litigants, based upon all the prevailing material facts and circumstances which may ultimately become involved in the remedial relief sought under the provisions of the act. We do not deem it necessary to reiterate the law sustaining the mentioned well-established rule as it has been recently stated in *Stalnaker v. McCorgary*, 170 Kan. 9, 223 P. 2d 738, and cases therein cited and analyzed, where we said:

"Following *School District v. Sheridan Community High School*, 130 Kan. 421, 286 Pac. 230; *Hyde Park Dairies v. City of Newton*, 167 Kan. 730, 208 P. 2d 221, and other decisions cited in the opinion it is *held*, that when an action is filed for a declaratory judgment and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, G. S. 1935, 60-3127, it is the duty of the district court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of G. S. 1935, 60-3127 to 60-3132, inclusive." (Syl.)

However, it may again be said it is *rare* that a demurrer is an appropriate pleading for a defendant to file against a petition for a declaratory judgment. It is only proper where the petition fails to set forth facts which clearly make it appear there is a controversy between the parties, and just what the controversy is. Since the petition sets forth an actual controversy between the parties as to their respective rights under the involved will, the district court properly overruled defendants' demurrers.

Defendants next contend that the petition is not based on a single and definite theory, because there is blended with the action for a declaratory judgment a cause of action for an accounting, etc. Analysis of the petition discloses that there is but one cause of action stated, and that is for a judgment interpreting and declaring

the rights of the parties under decedent's will. G. S. 1949, 60-3129, authorizes further relief based on a declaratory judgment, whenever necessary and proper. The section prescribes a method by which further relief—than mere interpretation of the will—may be obtained. Those portions of the prayers in plaintiffs' petition in case No. 40,149, and the petition in case No. 40,150 filed in the probate court in the trust estate praying for an accounting, etc., are merely indicative of the various forms of consequential relief to which plaintiffs would be entitled in the event the controversial paragraph in the testator's will is construed favorably to plaintiffs' contention. Where remedial and further relief is prayed for in a declaratory judgment action, the trial court in determining the question of law has the right to adjudicate the whole controversy at one trial and grant all relief that might flow therefrom when necessary in order to make its judgment complete and effective on the question of law presented. (*Phoenix Indemnity Co. v. Zinn,* 177 Kan. 689, 281 P. 2d 1065; *Rutland Savings Bank v. Steele,* 155 Kan. 667, 127 P. 2d 471; *Railroad Bldg., Loan & Savings Ass'n v. Grayum,* 136 Kan. 418, 423, 15 P. 2d 405.)

This appeal is limited solely to the sufficiency of the petition in each case. The issues have not been joined by the parties and the trial court has rendered no declaratory judgment in the case. Notwithstanding the remaining questions raised, the defendants seek to enlarge the scope of our review by attempting to argue and have us decide the merits of the cause and prejudge matters which might become material in determining the propriety or justice of the relief sought. This we cannot do. The extent of our power is to reverse, vacate, modify or sustain the trial court's judgment. (G. S. 1949, 60-3302.)

The judgment of the trial court overruling the demurrer to the petition in each case is affirmed.