No. 41,754

John S. McAdam and Billy D. McAdam, A Copartnership, d/b/a McAdam Construction Company, *Appellees*, v. The Western Casualty and Surety Company, Inc., *Appellant.*

(351 P. 2d 202)

Opinion filed April 9, 1960.

*J. D. Conderman,* of Iola, argued the cause and was on the briefs for the appellant.

*Frederick G. Apt, Jr.,* of Iola, argued the cause, and *Howard M. Immel* and *Charles H. Apt,* both of Iola, were with him on the brief for the appellees.

The opinion of the court was delivered by

Wertz, J.: John S. and Billy D. McAdam, doing business as the McAdam Construction Company, plaintiffs (appellees), brought this action against The Western Casualty and Surety Company, Inc., defendant (appellant), under the declaratory judgment act (G. S. 1949, 60-3127, *et seq.*), for the purpose of obtaining a judicial construction of a contract of insurance to determine the rights and obligations of the parties thereunder, and for additional relief to which plaintiffs contend they are entitled under the act.

No useful purpose would be served by setting forth in detail the allegations of plaintiffs' petition, which includes, by reference, pertinent extracts from the insurance contract. In brief, it may be said that defendant issued to plaintiffs its contract of insurance wherein it agreed to insure plaintiffs for a period of one year against any liability or loss suffered by them in the operation of their business,

except losses that were specifically excluded by the terms of the policy. Plaintiffs were subjected to litigation for damages and made demand on defendant to defend the action, which demand was refused, and they were compelled to defend. Plaintiffs seek a construction of the policy fixing liability on defendant for costs and attorney fees expended by them in defending the litigation.

Defendant demurred to the petition as amended on the ground that it failed to state facts *which if true* would constitute a cause of action against defendant. From an order of the trial court construing the contract and overruling defendant's demurrer, defendant appeals. We have examined the petition, and its allegations make it clearly to appear there is an actual alleged controversy between the parties with respect to the construction to be given the terms of the insurance contract.

When an action for declaratory judgment is filed and the petition sets forth facts showing an actual controversy concerning some matter covered by the statute, it is the duty of the lower court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of the act. Where the petition states facts out of which the controversy arose and states clearly the views or claim of plaintiff, as well as the views or claim of defendant, and the court is asked to adjudicate the controversy, the appropriate pleading to be filed by defendant is an answer admitting that the controversy arose from the facts stated by plaintiff and that plaintiff's contentions were correctly stated; also, that defendant's contentions were correctly stated, providing defendant agrees to the matters so pleaded. If defendant thinks the facts giving rise to the controversy or the contentions of the plaintiff or of the defendant are not accurately or fully stated, defendant should answer and plead the facts and contentions as he understands them. If defendant pleads facts or contentions contrary to those pleaded by plaintiff, plaintiff, by reply, should either admit or deny the contrary facts or contentions. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other form of action should be brought. (*City of Cherryvale v. Wilson,* 153 Kan. 505, 112 P. 2d 111; *Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221; *Stalnaker v. McCorgary,* 170 Kan. 9, 223 P. 2d 738; *Simmons v. Reynolds,* 179 Kan.

785, 298 P. 2d 345; *Bodle v. Balch*, 185 Kan. 711, 347 P. 2d 378; *State Association of Chiropractors v. Anderson*, 186 Kan. 130, 348 P. 2d 1042.)

This appeal is limited solely to the petition as amended. We cannot treat defendant's demurrer as an answer, and, consequently, issues have not been joined by the parties. These parties, both in the lower court and in this court, seek to enlarge the scope of the declaratory judgment act by attempting in advance of answer to have decided the merits of the cause and to have prejudged matters which might become material in determining the propriety or justice of the relief sought when issues are joined. Under the declaratory judgment act, these matters are to be determined by the trial court after issues are joined and the facts are either stipulated or presented to it, and are not matters to be determined on a demurrer to a petition. (*Bodle v. Balch*, supra; *State Association of Chiropractors v. Anderson*, supra.)

Inasmuch as the petition in the instant case alleged an actual controversy, the trial court properly overruled defendant's demurrer thereto. However, that part of the trial court's judgment involving the merits of the action is set aside as being prematurely rendered. It follows that the judgment as modified is affirmed.

It is so ordered.