Nos. 41,887 and 42,015, Consolidated

LaVern J. Huber, *Appellee,* v. Arthur H. Schmidt, Edna May Schmidt, Orville Schmidt, Robert Schmidt, Mary M. Whitehead, Ennis C. Whitehead and Norman Schmidt, *Appellants.*

(360 P. 2d 854)

filed April 8, 1961.

*George A. Robb,* of Newton, argued the cause, and *L. H. Ruppenthal,* of McPherson, was with him on the briefs for the appellants.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka,* all of Newton, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ J.: LaVern J. Huber, plaintiff (appellee), brought this action against Arthur H., Edna May, Orville, Robert and Norman Schmidt, and Mary M. and Ennis C. Whitehead, defendants (appellants), under the declaratory judgment act (G. S. 1949, 60-3127 *et seq.*), for the purpose of obtaining a judicial determination of the rights of the respective riparian property owners to the use and flow of the water in Sand Creek in Harvey county.

No useful purpose would be served in detailing the allegations of plaintiff's petition as amended. Briefly, plaintiff alleged in substance that he is an owner of land abutting Sand Creek in Harvey county; that defendants are the owners or tenants of certain described land abutting the same creek, and that he, for many years, used the normal flow of Sand Creek for domestic purposes and enjoyed the benefits of the flow generally; that defendants installed pumps and irrigation systems upon their respective lands, as well as other installations in, on or along Sand Creek, whereby they impaired the flow of the creek; that they withdrew and are withdrawing large quantities of water from Sand Creek, with the result that the flow was either entirely stopped or so materially impaired as to render the same unsuitable or impossible to use for domestic purposes, or to otherwise enjoy the benefits arising from such flow.

Plaintiff further alleged that an actual controversy exists between himself and defendants, and that he is, and claims to be, a riparian owner with respect to Sand Creek, and, as such, is entitled to the reasonable use of the creek and the waters thereof, and that the defendants claim and contend they have a right to impair, withdraw or otherwise affect the flow of Sand Creek as they see fit, including the right to use the full flow thereof.

Plaintiff asked for a declaratory judgment declaring him a riparian owner with respect to Sand Creek and, as such, entitled to the reasonable use of the creek and the waters thereof, and declaring and adjudging that the defendants have no right to impair the flow of the creek or to withdraw water therefrom in such a manner as to impair or destroy his rights. Plaintiff also asked for such consequential relief as might be equitable.

The trial court held that the amended petition alleged an actual controversy between the parties, and overruled defendants' demurrer thereto, from which order defendants appeal in case No. 41,887.

Answers were filed by the respective defendants denying the allegations of the petition as amended and further denying that they had materially impaired or entirely stopped the flow of Sand Creek, or had impaired the rights of any others, if such rights existed, to the flow of Sand Creek. Defendants alleged that they had installed pumps and irrigation systems on their lands and had withdrawn water from Sand Creek for irrigation purposes; that they hold certificates issued by the chief engineer of the division of water resources of the Kansas state board of agriculture, and that all water had been lawfully withdrawn and used by them under the terms of such certificates and the water appropriation act (G. S. 1949, 82a-701 et seq., as amended).

Plaintiff moved to strike the portions of defendants' answers referring to the water appropriation act (G. S. 1949, 82a-701 et seq., as amended) for the reason that the same did not constitute a defense and the act is unconstitutional in specified respects. From an order sustaining the motions to strike, defendants appeal in case No. 42,015. These motions must be treated as demurrers to the stricken portions of the answers.

Defendants contend that the trial court erred in overruling their demurrer to the plaintiff's petition as amended and in sustaining plaintiff's demurrers striking certain alleged facts from defendants' answers.

We have examined the petition, and its allegations make it clearly to appear there is an actual alleged controversy between the parties with respect to their rights to the use and flow of the water in Sand Creek.

A like examination of defendants' answers reveals additional facts and contentions as understood by them. Defendants first assert

that they have a right to take the water and use so much of it as necessary, and that they have an additional right granted by the chief engineer of the division of water resources under the provisions of the water appropriation act.

While a demurrer is rarely used in attacking a petition for a declaratory judgment, when a party elects to so employ a demurrer the test applied in determining the sufficiency of the pleading under attack is whether such pleading sets forth facts showing an actual controversy concerning some matter covered by the statute, G. S. 1949; 60-3127. If an actual controversy is alleged in a petition for a declaratory judgment, it is the duty of the district court to overrule the demurrer to the petition and proceed with the cause in accordance with the provisions of the act. (*State Association of Chiropractors v. Anderson,* 186 Kan. 130, 348 P. 2d 1042; *McAdam v. Western Casualty & Surety Co.,* 186 Kan. 505, 351 P. 2d 202; *Bodle v. Balch,* 185 Kan. 711, 347 P. 2d 378; *Simmons v. Reynolds,* 179 Kan. 785, 298 P. 2d 345; *Stalnaker v. McCorgary,* 170 Kan. 9, 223 P. 2d 738; *Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221.)

The same rule is applicable to a demurrer to the defendant's answer which sets forth additional facts showing an actual controversy concerning the matter covered by the statute.

We have said many times that when the petition states facts out of which the controversy arose and states clearly the views or claim of plaintiff, as well as the views or claim of defendant, and the court is asked to adjudicate the controversy, the appropriate pleading to be filed by defendant is an answer admitting that the controversy arose from the facts stated by plaintiff and that plaintiff's contentions were correctly stated, providing defendant agrees to the matters so pleaded. If defendant thinks the facts giving rise to the controversy or the contentions of the plaintiff or of the defendant are not accurately and fully stated, defendant should answer and plead the facts and contentions as he understands them. If defendant pleads facts or contentions contrary to those pleaded by plaintiff, plaintiff, by reply, should either admit or deny the contrary facts or contentions. In other words, the only pleadings permissible in a declaratory judgment action are the petition, the demurrer, if the petition fails to state an actual controversy, an answer and a reply. Normally, a declaratory judgment action is not well suited to a case in which there is a con-

troversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other action should be brought. (*McAdam v. Western Casualty & Surety Co.*, supra, p. 506, and cases cited therein.)

In the instant case we cannot treat plaintiff's motions to strike as replies, and, consequently, issues have not been joined by the parties. These parties, both in the lower court and in this court, seek to enlarge the scope of the declaratory judgment act by attempting in advance of joining issues to have decided a portion of the merits of a case and to have prejudged matters which might or might not become material in determining the propriety or justice of the relief sought when issues are joined and the trial is had. It was the legislative intent that the act be liberally interpreted and administered with a view to making the courts more serviceable to the people (G. S. 1949, 60-3132; *State Association of Chiropractors v. Anderson*, supra, p. 135). The very purpose of the declaratory judgment act is to get the parties to agree upon the facts and to properly and speedily present the facts in an orderly fashion to the trial court for an early and final decision, thus avoiding any attempt to try the case by piecemeal.

Defendants' demurrer to plaintiff's petition served no function in this action and was properly overruled. Plaintiff's motions to strike, treated as demurrers, served no function and were improperly sustained by the trial court. The other questions raised by the parties are premature. The judgment of the trial court is affirmed in case No. 41,887; it is reversed in case No. 42,015, and the case is remanded with instructions to reinstate the stricken portions of defendants' answers, affording plaintiff an opportunity to reply if he so desires, and proceed with the trial in accordance with G. S. 1949, 60-3127 *et seq.*

It is so ordered.