No. 42,559

FARM BUREAU MUTUAL INSURANCE COMPANY, INCORPORATED, *Appellant,* v. J. R. BARNETT, MINNIE BARNETT, ARTHUR E. KOHLS, and KATHRYN KOHLS, *Appellees.*

(369 P. 2d 350)

Opinion filed March 3, 1962.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Donald L. Cordes,* and *Robert L. Howard,* all of Wichita, were with him on the briefs for the appellant.

*Patrick F. Kelly,* of Wichita, argued the cause, and *John C. Frank* and *Eli Eubanks,* both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This is an appeal in a declaratory judgment action wherein the trial court held in favor of the defendants and against the plaintiff.

Plaintiff is the liability insurance company with which defendant J. R. Barnett had a policy of automobile insurance. Defendants Arthur E. Kohls and Kathryn Kohls filed separate damage actions against Minnie Barnett arising out of a set of facts involving an automobile accident where Minnie's negligence caused personal injury and damage to Kathryn, her daughter. A short time after the accident and while Kathryn was still in the hospital an adjuster for plaintiff made contact with defendants J. R. Barnett and Minnie Barnett. He later called upon all of the defendants at their homes and obtained statements from them. This was shortly after they had brought Kathryn home from the hospital. A court reporter took the statements. Statements were taken again after the Kohls filed their actions against Minnie as a result of the accident and personal injury damages to Kathryn. We have not and will not discuss the details of the actions or the statements for the reason such discussion is not necessary at this time.

After the attorney for plaintiff took the second statement from Minnie and J. R., which was recorded by a different court reporter, it was determined there was such a change in the testimony of Minnie in regard to the failure of the brakes prior to the time of the accident as to constitute a complete failure and breach on the part of Minnie and J. R. to comply with the cooperation condition of the policy of insurance. Plaintiff therefore filed a declaratory judgment action setting up the controversy existing between the parties in a rather lengthy petition, consisting of three causes of action, asserting plaintiff's claim the policy did not cover the accident and defendants' claim the policy did cover the accident as well as the circumstances surrounding the use of brakes and the testimony leading up to the controversy. Plaintiff has submitted

a very helpful supplementary brief covering the subject of its right to relief under the declaratory judgment act. (G. S. 1949, 60-3127 to 60-3132.)

However, neither party in the action has raised the question of jurisdiction of this court and as has been stated on many occasions, whether the parties raise the question or not, the court has the duty to do so upon its own motion. (*Riley v. Hogue*, 188 Kan. 774, 777, 365 P. 2d 1097.) The requirements of a declaratory judgment action are present in the case since there are two or more parties involved and a controversy exists between them, but that is not all. In the recent case of *McAdam v. Western Casualty & Surety Co.*, 186 Kan. 505, 351 P. 2d 202, we discussed a situation such as we presently have before us where there is a controversy as to how the contentions of the parties arose. Here there is no agreement of the parties in the pleadings or otherwise which makes determination of the material question possible by declaratory judgment for the reason the petition sets out plaintiff's viewpoint and the answers of the defendants not only set out denials of those facts but also allege entirely different circumstances as to the purpose for taking and the contents of the statements of Minnie and J. R. Barnett. In holding that a declaratory judgment action is not suited to such a situation, the McAdam case stated:

"Where the petition states facts out of which the controversy arose and states clearly the views or claim of plaintiff, as well as the views or claim of defendant, and the court is asked to adjudicate the controversy, the appropriate pleading to be filed by defendant is an answer admitting that the controversy arose from the facts stated by plaintiff and that plaintiff's contentions were correctly stated; also, that defendant's contentions were correctly stated, providing defendant agrees to the matters so pleaded. If defendant thinks the facts giving rise to the controversy or the contentions of the plaintiff or of the defendant are not accurately or fully stated, defendant should answer and plead the facts and contentions as he understands them. If defendant pleads facts or contentions contrary to those pleaded by plaintiff, plaintiff, by reply, should either admit or deny the contrary facts or contentions. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other form of action should be brought. [Citations]." (p. 506.)

See, also, *Pugh v. City of Topeka*, 151 Kan. 327, 99 P. 2d 862.

In view of the foregoing authorities, we deem it unnecessary to prolong the opinion in this case by a discussion of the merits.

Appeal dismissed.