## No. 43,049

ALLIANCE MUTUAL CASUALTY COMPANY, *Appellee*, v. CLAYTON BAILEY, RAYMOND A. WHITEBREAD, BILLY L. SPILLMAN, and ROBERT LIGGETT, *Appellants*.

(380 P. 2d 413)

Opinion filed April 6, 1963.

*George V. Allen*, of Lawrence, argued the cause and was on the briefs for appellant Billy Spillman.

*Kermit Beal*, of Lawrence, was on the briefs for appellant Raymond A. Whitebread.

*L. M. Ascough; John A. Bausch; E. Edward Johnson*, and *Elwaine Pomeroy*, all of Topeka, were on the briefs for appellant Clayton Bailey.

*Harold E. Doherty*, of Topeka, argued the cause, and *James E. Benfer*, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The plaintiff, Alliance Mutual Casualty Company, commenced this action for a declaratory judgment, under the provisions of G. S. 1949, 60-3127, against its insured, Raymond A.

Whitebread, and other defendants who had claims against the insured as the result of an automobile collision, seeking an adjudication that the insurance policy in question had expired before the collision occurred.

The extensive pleadings, which disclose the conflicting contentions as to the nature of the controversy and the conflicting theories as to how the contentions arose may be summarized as follows:

The petition sets out the names and addresses of the parties and then alleges:

"Plaintiff alleges that prior to November 5, 1959, it had issued its policy No. 245232 to Raymond A. Whitebread, covering a 1958 Mercury automobile, the policy being for bodily injury and property damage coverage. That said policy expired on November 5, 1959, (the expiration date of the policy), and that a copy of said policy is attached hereto and marked Exhibit A and made a part hereof.

Plaintiff alleges that on the 18th of November, 1959, Raymond A. Whitebread was operating said vehicle at a point near the intersection of 17th and Topeka Blvd. in Topeka, Kansas. Riding with him in said vehicle was co-defendants Billy L. Spillman and Robert Liggett. That said car was being driven north at about 5:07 p. m. when a 1959 Ford, being driven south by the defendant Clayton Bailey, collided with the vehicle driven by Raymond A. Whitebread. That as a result of said collision, claims for personal injuries have been asserted against Raymond A. Whitebread by the co-defendants Clayton Bailey, Billy L. Spillman and Robert Liggett. That the co-defendant Billy L. Spillman has caused to be filed a case in the District Court of Douglas County, Kansas, for damages against Raymond A. Whitebread for the sum of $25,000. That as a result of these claims, Raymond A. Whitebread has called upon the plaintiff to defend him in said action, contending that said policy was or should have been renewed on the 5th day of November, 1959, when it expired, and contending that said policy affords him coverage for said collision."

The petition further denied that there was any liability on the part of the plaintiff to defend the claims or answer in damages to the defendants, and that because of the various claims of the parties an actual controversy existed between them; and then prayed for a declaratory judgment adjudging that the plaintiff was not obligated under its policy to defend or answer in damages to the defendants or any of them.

The defendant, Robert Liggett, neither appeared nor answered the petition. The other three defendants (Whitebread, Bailey and Spillman) filed answers and cross-petitions.

Spillman filed an answer which in effect admitted all of the allegations of the petition except the allegation that the insurance policy had expired on November 5, 1959. The answer admitted that "this

is one of those cases mentioned in G. S. 1949, 60-3127, providing for declaratory judgment where an actual controversy exists between the parties." The prayer of the answer asked for a declaratory judgment adjudging that plaintiff was obligated under its policy to defend and answer in damages to the defendants or any of them.

It is to be noted that neither the petition nor the answer disclosed any of the contentions of the defendant, Spillman, as to what his contentions are as to why the policy did not expire on November 5, 1959.

Spillman then filed a lengthy cross-petition consisting of some 15 paragraphs. It suffices to here state that this pleading, after stating preliminary facts, did allege that:

"This answering Defendant states and alleges that the Plaintiff did issue policy No. 245232 to Raymond A. Whitebread covering a 1958 Mercury automobile, however, this Defendant alleges that the said policy did not expire on November 5, 1959, and further alleges that the policy, a copy of which is attached to the Plaintiff's Petition and marked Exhibit 'A', is not in accordance with the agreement between the said Raymond A. Whitebread and the Plaintiff.

"That through the negligent error of the Alliance Mutual Casualty Company, its agent, servant and employee Robert A. Turney and the Commercial Insurance Service, Policy No. 245232 did state an effective date of November 5, 1958, whereas the date intended by all parties for the inception of the policy No. 245232 was to have been November 26, 1958, and the expiration date on Policy No. 245232 in accordance with the agreement of the parties was to have been November 26, 1959, at 12:01 A. M., however, due to said error the policy did state an incorrect date of termination of November 5, 1959.

"That during all times mentioned herein the said Robert A. Turney was authorized by this Plaintiff to write and otherwise issue in behalf of this Plaintiff all policies of insurance known as 'automobile policies' similar to Policy No. 245232 as attached to Plaintiff's Petition. Further that the said Robert A. Turney did have authority of this Plaintiff to issue the Policy 245232 from his office and upon termination of Policy No. FA 76765 of the Wabash Fire and Casualty Company.

"The defendant Whitebread is not familiar with the practice of insurance and insurance writing and has necessarily relied upon the said Robert A. Turney and the Commercial Insurance Service to write policies of insurance and through a course of dealings lasting over several years with the said Robert A. Turney, the Defendant Raymond A. Whitebread has been caused to and did rely upon the actions and representations of the said Robert A. Turney.

"That it was the intention of the parties thereto, including this Plaintiff, that Defendant Whitebread pay for only one policy covering said automobile during the period of November 5, 1958, to November 26, 1958, whereas by

reason of the error and negligence of Robert A. Turney, referred to, he had and paid for two such policies during the said period.

"That the Defendant Whitebread, in accordance with the conditions of the Policy No. 245232 did on the day following the accident of November 18, 1959, notify the said Robert A. Turney and the Commercial Insurance Service of the accident in question, inasmuch as he had cause to and did believe that he was covered by the said policy on November 18, 1959."

The cross-petition further alleged that the defendant Spillman had demanded of the plaintiff that it pay all expenses incurred within one year from the date of the accident for necessary medical expenses as provided for in the policy and that plaintiff had refused such demands. And such pleading concluded:

"WHEREFORE this answering Defendant asks that this Court reform Policy No. 245232, a copy of which is attached to Plaintiff's Petition to correct the mistake in the said policy of insurance by changing the policy period of November 5, 1958, to November 5, 1959, to the policy period of November 26, 1958, to November 26, 1959, and

"FURTHER Defendant prays the Court for a declaratory judgment adjudging that the Plaintiff is obligated in accordance with the terms of said policy and that this Defendant be allowed a reasonable sum as attorneys fees together with his costs."

The Plaintiff's reply to Spillman's answer was a general denial. Its answer to his cross-petition follows:

". . . for its answer to the cross petition of the defendant Spillman, this plaintiff denies each and every allegation contained therein.

"Answering further this plaintiff alleges that the defendant Spillman has failed to make any demands upon the plaintiff and has not complied with any policy, if said policy were in full force and effect, and defendant Billy Spillman is not entitled to recover any attorney fees.

"WHEREFORE this plaintiff prays that defendant Spillman take nothing by his cross petition, and that plaintiff have judgment as prayed in his petition."

It is to be noted that in no place in the pleading is there any agreement as to the issues and controversy. The plaintiff contends that the policy in question had expired by its terms before the accident occurred. The defendant Spillman's cross-petition was in effect an action to reform an instrument, the insurance policy. It was met by a general denial.

The defendant Clayton Bailey filed an answer and cross-petition. It alleged facts quite similar to those set out in the answer and cross-petition of Spillman except for additional allegations in the cross-petition, which we note:

". . . The said Robert A. Turney has advised this answering Defendant that he charged the Defendant Raymond A. Whitebread a double premium for

insurance coverage from November 5, to November 26, 1958, in that the said Robert A. Turney charged the Defendant Raymond A. Whitebread premiums on policy No. 245232 issued by the Plaintiff Alliance Mutual Casualty Company and also on policy No. FA 76765 issued by the Wabash Fire and Casualty Company, and that the said Robert A. Turney did not refund or attempt to refund to the Defendant Raymond A. Whitebread this double premium charged by the said Robert A. Turney from November 5, 1958, to November 26, 1958. The collection of said double premium by Robert A. Turney constituted a constructive fraud practiced by the said Robert A. Turney upon the Defendant Raymond A. Whitebread, to the injury and detriment of this answering Defendant."

The plaintiff replied with a general denial to Bailey's answer and answered Bailey's cross-petition as follows:

". . . for its answer to the cross petition of the defendant Bailey, this plaintiff denies each and every allegation contained therein.

"Answering further, this plaintiff demurs for the reason that the court is without jurisdiction to grant reformation of a contract to some third party, not a party to this contract."

The defendant Whitebread, named in the insurance contract as the insured, filed an answer and cross-petition quite similar to the answer and cross-petition filed by Spillman. In addition he included the allegations of constructive fraud pleaded by Bailey. He also added a second cause of action to his cross-petition in which he alleged:

"That due to Plaintiff's refusal, without just cause or excuse, to perform under the provisions of its policy, said Defendant Raymond A. Whitebread has been refused credit and has been unable to obtain credit needed to continue his contracting business and that said Defendant Raymond A. Whitebread has been damaged thereby in the sum of Five Thousand ($5,000) Dollars.

"That due to Plaintiff's refusal, without just cause or excuse, to perform under the provisions of its policy the Defendant Raymond A. Whitebread has, under G. S. 1959 Supp. 8-760, lost his right to operate or own a motor vehicle in the State of Kansas and that Defendant has been damaged thereby to the extent of Five Thousand ($5,000) Dollars."

The prayer of the second cause of action of Whitebread's cross-petition asked for the recovery of damages in the amount of Ten Thousand Dollars.

The plaintiff's response to Whitebread's pleadings will now be noted—

Reply to answer:

". . . Reply to answer of the defendant . . ., plaintiff denies each and every allegation contained therein, inconsistent with or contrary to the allegations of the plaintiff's petition."

Answer to amended cross-petition:

". . . for its answer to the cross petition of the defendant Whitebread, this plaintiff denies each and every allegation contained therein except this defendant (sic) *plaintiff* admits that its policy No. 245232 was issued November 5, 1958, and expiring on November 5, 1959, and admits that . . . Whitebread was involved in an automobile collision on or about the 18th day of November, 1959, after said policy had expired.

". . ., this plaintiff specifically denies that Robert A. Turney was authorized to issue its policy from November 26, 1958 to November 26, 1959, and specifically denies that Robert A. Turney had any authority to bind this plaintiff.

". . ., the plaintiff alleges that its policy was issued at the request of and on behalf of . . . Whitehead and dated on November 5, 1958, at the request of . . . Whitebread, and that . . . Whitebread had said policy in his possession and well knew the date that the Wabash policy mentioned in said action was cancelled."

Answer to second cause of action:

"Plaintiff, for its answer to . . . Whitebread's Second Cause of Action, denies each and every allegation contained therein, and denies that . . . Whitebread has ever made any demands upon it under the alleged policy.

"WHEREFORE this plaintiff prays that this defendant take nothing and that it have judgment as prayed for in its petition."

Having described the pleadings it can now be stated that the case was tried as issues of fact with complete disagreement as to the questions of law involved and how the contentions of the parties arose. In this connection it is interesting to note the transcript consisted of some one hundred and thirty pages with numerous Exhibits.

The trial court rendered judgment in favor of the plaintiff and against each defendant; namely, Whitebread, Spillman and Bailey. The judgment, as it applies to such defendants, is set forth in separate and distinct journal entries of record which were approved by counsel for the respective parties and signed by the trial court. The concluding portion of each such journal entry of judgment reads:

WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED that plaintiff shall have judgment adjudging that its policy expired as of November 5, 1959, and that it owes no duty or obligations to the defendant Raymond A. Whitebread as a result of his automobile collision November 26, 1959, to defend any actions filed against him as a result of said collision or to respond to any damages to any of the defendants. It is further ordered the cost shall be taxed to the plaintiff."

After rendition of the judgment each of the above named defendants filed a motion for a new trial. The trial court's action in overruling each of such motion is reflected by three journal entries of record and the defendants bring the case to this court under three separate and distinct notices of appeal.

The first question confronting this court is whether, under the complicated and highly controversial pleadings, a controversy is presented which is justiciable under the declaratory judgment act (G. S. 1949, 60-3127, *et seq.*). The parties have not raised or discussed the question. Even so this serious preliminary question requires attention before the merits of the case can be considered.

The question, being one of jurisdiction, can and should be raised by this court on its own motion. (*Riley v. Hogue,* 188 Kan. 774, 365 P. 2d 1097.)

In *Farm Bureau Mutual Ins. Co. v. Barnett,* 189 Kan. 385, 369 P. 2d 350, we said:

"However, neither party in the action has raised the question of jurisdiction of this court and as has been stated on many occasions, whether the parties raise the question or not, the court has the duty to do so upon its own motion. . . ."

This court, in considering controversies justiciable under the declaratory judgment act (G. S. 1949, 60-3127, *et seq.*), has consistently adhered to the rule that a declaratory judgment action will not lie where there is a factual dispute as to how the contentions arose and what the legal contentions are. If the legal contentions, or the controversy as to what the legal controversies are, cannot be determined until after an extended hearing of the evidence and findings of fact, a declaratory judgment action is not proper. See, e. g., *McAdam vs. Western Casualty & Surety Co.,* 186 Kan. 505, 351 P. 2d 202, where the following statement appears:

". . . Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other form of action should be brought. (*City of Cherryvale v. Wilson,* 153 Kan. 505, 112 P. 2d 111; *Hyde Park Dairies v. City of Newton,* 167 Kan. 730, 208 P. 2d 221; *Stalnaker v. McCorgary,* 170 Kan. 9, 223 P. 2d 738; *Simmons v. Reynolds,* 179 Kan. 785, 298 P. 2d 345; *Bodle v. Balch,* 185 Kan. 711, 347 P. 2d 378; *State Association of Chiropractors v. Anderson,* 186 Kan. 130, 348 P. 2d 1042.)" (pp. 506, 507.)

Under the pleadings before us in this case we have a situation where an insurance company brought an action against the insured and three other defendants who claim injuries due to the negligence

of the insured in an automobile collision. The insurance company, here the appellee, seeks an adjudication that the insurance policy expired by its own terms before the accident occurred. The defendants, now the appellants, filed cross-petitions in which they alleged constructive fraud and mutual mistakes, and asked to have the expiration term of the insurance policy reformed and extended. In addition, the insured (Whitebread) filed a cross-petition against the company for special damages due to the refusal of the company to recognize the claimed extention date of the insurance policy. The appellee answers all these allegations with a general denial. There is no attempt to reach an agreement as to these contentions or, for that matter, numerous other controversial issues raised by the pleadings. The appellee, in answering the cross-petition, contends "that the court is without jurisdiction to grant a reformation of the contract to some third party, not a party to this contract." It is clearly shown on the face of the pleadings that the legal controversy or contention to be determined could not be known until there was a determination of the facts to which the law must be applied.

In *Huber v. Schmidt*, 188 Kan. 36, 360 P. 2d 854, we outlined the proper procedure for a declaratory judgment and there stated:

"We have said many times that when the petition states facts out of which the controversy arose and states clearly the views or claim of plaintiff, as well as the views or claim of defendant, and the court is asked to adjudicate the controversy, the appropriate pleading to be filed by defendant is an answer admitting that the controversy arose from the facts stated by plaintiff and that plaintiff's contentions were correctly stated, providing defendant agrees to the matters so pleaded. If defendant thinks the facts giving rise to the controversy or the contentions of the plaintiff or of the defendent are not accurately and fully stated, defendant should answer and plead the facts and contentions as he understands them. If defendant pleads facts or contentions contrary to those pleaded by plaintiff, plaintiff, by reply, should either admit or deny the contrary facts or contentions. In other words, the only pleadings permissible in a declaratory judgment action are the petition, the demurrer, if the petition fails to state an actual controversy, an answer and a reply. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other action should be brought. (citing cases.)" (pp. 39, 40.)

A declaratory judgment action is not suitable where the defendant's answer and cross-petition, abandon the contentions set out in the petition and raise entirely new contentions based on a

disputed question of fact. Moreover where the cross-petition is met by a general denial, there is no common ground where the specific contentions of the parties meet.

There have been two very recent cases, covering facts quite similar to those involved in the case at bar, which determine the jurisdictional question now under consideration.

In *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350, we stated and held:

". . . The requirements of a declaratory judgment action are present in the case since there are two or more parties involved and a controversy exists between them, but that is not all. In the recent case of *McAdam v. Western Casualty & Surety Co.*, 186 Kan. 505, 351 P. 2d 202, we discussed a situation such as we presently have before us where there is a controversy as to how the contentions of the parties arose. Here there is no agreement of the parties *in the pleadings or otherwise which makes determination of the material ques*tion possible by declaratory judgment for the reason the petition sets out plaintiff's viewpoint and the answers of the defendants not only set out denials of those facts but also allege entirely different circumstances as to the purpose for taking and the contents of the statements of Minnie and J. R. Barnett. . . ." (p. 387.)

Later, and in *State Automobile & Casualty Underwriters v. Gardiner*, 189 Kan. 544, 370 P. 2d 91, we said:

"As previously mentioned, the record in this appeal contains not only the pleadings filed in this declaratory judgment action with the attached insurance policy, but also the four petitions in tort actions filed by the Tannahills who were made parties defendant along with Gardiner. Thus all these documents are before this court for examination and determination just as they were before the trial court. One of the facts admitted in the pleadings is that the face of the insurance policy shows that the plaintiff company was the insurer and Mulder was the named insured. Mulder was not made a party, but we shall pass that for the moment and proceed to determine whether the pleadings appearing in this action actually seek a declaratory judgment under G. S. 1949, 60-3127 to 60-3132, inclusive. This same point was recently considered in *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350, where it was stated that while the circumstances there existing met the qualifications that two or more parties were involved and an actual controversy existed between them, the parties had failed to agree in the pleadings as to how their contentions arose, and it was held that a declaratory judgment action was not the proper proceeding by which to obtain the relief sought. . . ." (p. 547.)

Aside from the heretofore cited decisions there is an additional reason why a declaratory judgment action is not proper in this case. A proceeding for a declaratory judgment cannot be used where the object of the proceeding is to try issues of fact as the determi-

native issue. A declaratory judgment proceeding may be maintained although such proceeding involves the determination of questions of fact. This is anticipated by the declaratory judgment act. (G. S. 1949, 60-3130.) However, the questions of fact must be incidental to the determination of the main issue and not the main issue in the case. As the issues developed in this action, the factual questions of constructive fraud and mutual mistake where the determinative issues presented. These issues presented questions of fact which were seriously disputed.

The last rule stated appears to be one of very general application. In the case of *Ennis v. Casey*, 72 Idaho 181, 238 P. 2d 435 28 A. L. R. 2d 952, we find the following statement:

"While it has been held that a declaratory judgment proceedings may be maintained, although such proceedings involve the determination of a disputed question of fact, *Hamilton Corporation v. Corum*, 218 Cal. 92, 21 P. 2d 413; Sec. 10-1209, I. C., it cannot be used where the object of the proceedings is to try such fact as a determinative issue, 1 C. J. S., Actions, p. 1031, § 18, and a declaratory judgment should be refused where the questions presented should be the subject of judicial investigation in a regular action. *Heller v. Chapiro*, 208 Wis. 310, 242 N. W. 174, 87 A. L. R. 1201; *Oldham County ex rel. Woolridge v. Arvin*, 244 Ky. 551, 51 S. W. 2d 657." (p. 185.)

The primary purpose of the declaratory judgment act is to adjudicate questions of law not questions of fact.

What has been heretofore stated compels a conclusion that the issues as presented by the pleadings in this case are not suitable for determination by a declaratory judgment action.

Therefore the judgment is reversed with instructions to dismiss the action.