No. 43,201

Maxine Hays, *Appellee*, v. Levi Rymph, Mayor of the City of Wichita; Eugene Pond, Chief of Police of the City of Wichita; Marvin Covey, Richmond Reeves and Jack Ford, All Members of the Board of Trustees of the Policemen's Pension Fund of the City of Wichita, Kansas, *Appellants*.

(381 P. 2d 326)

Opinion filed May 11, 1963.

*Robert A. Thiessen*, of Wichita, argued the cause, and *Fred W. Aley, Robert C. Helsel* and *Larry D. Kirby*, of Wichita, were with him on the briefs for the appellants.

*William H. Dye*, of Wichita, argued the cause, and *Eugene G. Coombs*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Plaintiff (appellee) Maxine Hays commenced this action for a declaratory judgment under the provisions of G. S. 1949, ch. 60, art. 31, against Levi Rymph and other defendants (appellants) as members of the Board of Trustees of the Policemen's Pension Fund of the City of Wichita seeking an adjudication of her right to pension benefits under the provisions of G. S. 1949, ch. 13, art. 14a.

The petition alleged that the named defendants constituted the Board of Trustees of the Policemen's Pension Fund of the City of Wichita (G. S. 1949, 13-14a04); that plaintiff was the surviving widow of Marion Hays, a member of the police department of the city of Wichita at the time of his death, and who had made contributions to the policemen's pension fund as provided by the mentioned act and the ordinances of the city; that the act provided for a widow's pension equal to fifty per cent of decedent's salary

at the time of his death; that plaintiff made demand on the board for payment of the pension due her as the surviving spouse of Marion Hays, but the defendant board has refused to pay the pension.

Plaintiff further alleged that an actual controversy existed between plaintiff and the pension board and that plaintiff believed she was entitled to receive a pension as provided by the aforementioned act, and that the action was brought for declaratory judgment, declaring that she be entitled to the pension as provided by the statute.

The defendant board, by way of answer, admitted the official capacity of the defendants; that plaintiff was the widow of the deceased officer; that at the time of his death plaintiff's husband was a member of the police department and had made contributions to the policemen's pension fund as provided by the act and the enabling ordinances of the city.

The answer further admitted that plaintiff, as surviving widow, had made demand upon the board for payment of a pension and that the board had refused to pay the pension. Defendants admitted there was an actual controversy between the plaintiff and the board but denied that the plaintiff was entitled to receive a pension as provided by statute. The answer further alleged that the decedent did not die of any disease contracted while in the performance of his duties or by reason of his occupation as a policeman of the city, and by reason thereof plaintiff is not entitled to the relief sought.

The answer further alleged that plaintiff previously applied for a refund of the contributions made by her husband to the pension fund and that by reason of her application was paid the sum due her under the act and waived her rights to a pension.

To the answer plaintiff replied by way of a general denial and specifically denied that she waived her right to a pension under the facts stated.

On the pleadings thus formed the case proceeded to trial to the court.

The trial court entered judgment for the plaintiff, directing the defendant board to allow the plaintiff the pension provided under section 13-14a07, and for costs. From an order overruling their motion for a new trial, defendants have appealed.

It is noted that while plaintiff's petition alleged an actual controversy existed between plaintiff and defendants, nowhere is it

stated what the controversy was. Both the petition and the answer admitted plaintiff presented her claim to the pension board and that her claim was denied.

Plaintiff concedes the trial court was faced with the determination of whether or not deceased died as a result of a disease contracted while in the performance of his duties by reason of his occupation as a policeman. Plaintiff presented medical evidence to the court to the effect that stress and strain of the work contributed to her husband's death. Defendants presented evidence to the contrary.

It is contended by defendants, and conceded by the plaintiff, that a litigant must exhaust his administrative remedies, if such administrative appeal or review is provided for in the statutes. Chapter 13, article 14a, upon which this cause of action is based, provides for no review; therefore, the plaintiff contends, there must be an original action commenced for the determination of a right. Plaintiff asserts this declaratory judgment action was not instituted for the purpose of determining whether or not the police pension board of the city acted in an arbitrary or capricious manner, nor to have the district court review the findings of the police pension board, but is to obtain an original determination of the plaintiff's rights under the statute. It is difficult to follow plaintiff's contention that she is not seeking a review of the police pension board's action denying her a pension, inasmuch as the only question presented by way of evidence was that her husband died by reason of a disease contracted in his occupation as a policeman.

The determinative question confronting this court is whether or not under the pleadings a controversy is presented that is justiciable under the declaratory judgment act. This court, in considering controversies justiciable under the act (G. S. 1949, 60-3127, *et seq.*), has consistently adhered to the rule that such action will not lie where there is a factual dispute as to how the contentions arose and what the legal contentions are. If the legal contentions, or the controversies as to what the legal questions are, cannot be determined until after an extended hearing of the evidence and findings of fact, a declaratory judgment action is not proper. Normally, a declaratory judgment action is not well suited to a case in which there is a controversy regarding how the contentions of the parties arose or what the contentions are. These matters should be agreed upon in the pleadings, or some other form of action should be

brought. (*Alliance Mutual Casualty Co. v. Bailey*, 191 Kan. 192, 380, P. 2d, 413, *McAdam v. Western Casualty & Surety Co.*, 186 Kan. 505, 351 P. 2d 202; *Farm Bureau Mutual Ins. Co. v. Barnett*, 189 Kan. 385, 369 P. 2d 350.)

Under the pleadings before us we have a situation where the plaintiff's petition alleged that an actual controversy existed between plaintiff and defendants but failed to state what that controversy was. The defendants in their answer asserted that an actual controversy existed but failed to state what that controversy was. There was no attempt to reach an agreement on what the actual contentions of the parties were nor an agreement on other issues raised by the pleadings. It is clearly shown on the face of the pleadings that the legal controversy could not be determined until there was an adjudication of the facts presented to which the law must be applied.

A declaratory judgment action is not suitable where the defendant's answer raises entirely new contentions based on a disputed question of fact. Moreover, there is an additional reason why a declaratory judgment action is not proper in the instant case. While it has been held that a declaratory judgment proceedings may be maintained, although such proceedings involve the determination of a disputed question of fact, it cannot be used where the object of the proceedings is to try such question as a determinative issue, as in the instant case. An action for declaratory judgment may be maintained only for the purpose of determining and declaring fixed legal rights where it will accomplish some useful purpose. It cannot be invoked merely to try issues and determine questions that are uncertain and hypothetical. The primary purpose of the declaratory judgment act is to adjudicate questions of law, not questions of fact. (*Alliance Mutual Casualty Co. v. Bailey*, supra; *Ennis v. Casey*, 72 Idaho 181, 238 P. 2d 435, 28 A. L. R. 2d 952.)

In *Pugh v. City of Topeka*, 151 Kan. 327, 331, 332, 99 P. 2d 862, we held that a declaratory judgment action was never intended as a substitute for a new trial, or for an appeal, or where it appears that an immediate cause of action exists between the parties for which the ordinary legal remedies are available. Inasmuch as in the instant case the determinative question was one of fact, the case is not suitable for determination by a declaratory judgment action; therefore, the judgment of the trial court is reversed with instructions to set aside the judgment and dismiss the action.