No. 53,382

DEPARTMENT OF REVENUE, STATE OF KANSAS, AND MICHAEL LENNEN,
SECRETARY OF REVENUE OF THE KANSAS DEPARTMENT OF REVENUE,
*Appellee,* v. THE DOW CHEMICAL COMPANY, *Appellant.*

(642 P.2d 104)

Opinion filed March 19, 1982.

*William D. Dexter,* of Olympia, Washington, argued the cause, and *Alan F. Alderson,* general counsel, Kansas Department of Revenue, and *Craig A. Kreiser,* attorney, Kansas Department of Revenue, were with him on the brief for appellee.

*Neil Papiano,* of Iverson, Yoakum, Papiano and Hatch, of Los Angeles, California, argued the cause, and *David K. Robbins,* of the same firm, *Terrence G. Linderman,* of The Dow Chemical Co., of Houston, Texas, and *Eldon L. Ford,* of Cosgrove, Webb and Oman, of Topeka, were with him on the brief for appellant.

The opinion of the court was delivered by

McFARLAND, J.: This is a declaratory judgment action brought by the Department of Revenue and its Secretary, Michael Lennen, seeking a judicial determination that the Department: (1) has the authority to determine the liability of a corporation for Kansas

corporate income taxes by the "combined reporting" method; and (2) is entitled to obtain information from defendant, Dow Chemical Company (Dow), which is relevant or will lead to the discovery of relevant information to determine whether Dow or any of its affiliates doing business in Kansas are, in fact, conducting a unitary business with any other affiliated corporation for "combined reporting" purposes.

The trial court entered summary judgment in favor of the Department in all respects. Dow appeals therefrom, contending the summary judgment was both procedurally premature and substantively erroneous.

The petition filed herein states the background from which the action arose as well as the relief sought and alleged legal basis therefor. By virtue of the issues herein, it is appropriate to reproduce the petition in full:

"PETITION FOR DECLARATORY JUDGMENT

"The Department of Revenue of the State of Kansas and its Secretary, Michael Lennen, plaintiffs herein, in support of their Petition for a Declaratory judgment allege as follows:

"1. The Department of Revenue of the State of Kansas and its Secretary are charged with the enforcement of the Corporate Income Tax of the State of Kansas.

"2. The Dow Chemical Company, headquartered in Midland, Michigan and duly incorporated in the State of Delaware, was qualified to do and was doing business in the State of Kansas for the tax years 1970-1974.

"3. Pursuant to the authority granted the Secretary of the Department of Revenue, he assigned an income tax audit of Dow Chemical Company and its affiliated corporations for the tax years 1970-1974 to the Multistate Tax Commission on a 'combined report' basis.

"4. The Multistate Tax Commission recommended 'combined reporting,' subject to obtaining substantial additional information as to whether or not Dow Chemical Company was conducting a unitary business with some or all of its affiliated corporations for 'combined reporting' purposes which Dow Chemical Company refused to furnish to Multistate Tax Commission's auditors.

"5. Dow Chemical Company, in response to a request by the Department of Revenue of the State of Kansas and its Secretary, for unitary information has taken the position that the Kansas Department of Revenue and its Secretary have no power to require a 'combined report' with any affiliated corporations; and that the furnishing of the information requested would be very costly and time-consuming to Dow Chemical Company and not within the authority of the Kansas Department of Revenue and its Secretary to demand.

"6. It is the position of the Kansas Department of Revenue and its Secretary that they have the power, under applicable provisions of the Kansas Corporate Income Tax law, to require a 'combined report' contrary to the position taken by Dow Chemical Company; and that they can properly determine Dow Chemical Company's Kansas income tax liability only by application of unitary principles and 'combined reporting.'

"7. There thus exists an actual case or controversy between Dow Chemical Company, on behalf of it and its affiliated corporations, and the Kansas Department of Revenue and its Secretary over the authority of the Kansas Department of Revenue and its Secretary to require Dow Chemical Company to furnish information pertaining to, and if the facts warrant, to require Dow Chemical Company and any of its affiliated corporations doing business in Kansas to report their Kansas income tax liability on a 'combined report' basis.

"8. In order to resolve this controversy, which involves only a question of law and to preclude unnecessary and costly compliance and administrative costs if Dow Chemical Company is right in its position in regard to the authority of the Kansas Department of Revenue and its Secretary, the Kansas Department of Revenue to require 'combined reporting' by application of unitary principles, the Kansas Department of Revenue and its Secretary have instituted this declaratory judgment action as provided in K.S.A. 60-1701. This section reads as follows:

'§ 60-1701. Jurisdiction; generally. In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceedings shall be open to objection on the ground that a judgment or order merely declaratory of right is the only relief requested. Controversies involving the validity or interpretation of deeds, wills, or other instruments of writing, express trusts, statutes, municipal ordinances, and other government regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.' (L. 1963, ch. 303, 60-1701; Jan. 1, 1964.)

"9. This action involves only a question of the interpretation of the statutes of the State of Kansas and is an action ripe for declaratory judgment and relief as provided for in K.S.A. 60-1701.

"WHEREFORE, it is respectfully prayed by the Kansas Department of Revenue and its Secretary that this Court find:

"1. That an actual case or controversy exists between the Kansas Department of Revenue and its Secretary and Dow Chemical Company over the authority of the Kansas Department of Revenue and its Secretary to require the use of a 'combined report' for Kansas Corporate Income Tax purposes;

"2. That this matter is ripe for a declaratory judgment under K.S.A. 60-1701;

"3. That the Department of Revenue and its Secretary have the authority to determine the liability of a corporation for Kansas Corporate Income Tax purposes by the 'combined reporting' method under applicable provisions of the Kansas Corporate Income Tax law; and

"4. That the Kansas Department of Revenue is entitled to obtain any information from Dow Chemical Company which is relevant or will lead to the discovery of relevant information to determine whether Dow Chemical Company or any of its affiliates doing business in Kansas are, in fact, conducting a unitary business with any other affiliated corporation for 'combined reporting' purposes."

Any discussion of the nature and purpose of the Multistate Tax Commission would be inappropriate to the issues herein. If additional information is desired, see the Multistate Tax Compact, K.S.A. 79-4301 *et seq.*

The petition states, in paragraph 6, that plaintiffs have the "power, under applicable provisions of the Kansas Corporate Income Tax law, to require a 'combined report.'" Dow filed a motion for a more definite statement pursuant to K.S.A. 60-212(*e*) to require plaintiffs to specify on which particular statutes they were relying for their alleged authority. Dow contended it could not intelligently prepare an answer without this basic information. The Department responded with a 48-page treatise on "the basic concepts involved in the attribution of net income for state purposes, the history and development of the unitary concept for the attribution of net income, and the Kansas statutory authority for the application of unitary concepts, including 'combined reporting' for Kansas corporate income tax purposes."

The Department stated therein:

"The Authority of the Plaintiffs to Require 'Combined Reporting' Stems from the Inter-Relationship of Various Provisions of the Kansas Corporate Income Tax Act and the General Case Authority Which have Applied the Unitary Principles for State Net Income Tax Attribution Purposes."

Lest this statement be too confining, the plaintiffs cautioned:

"It [the memorandum] is not intended to set forth all the provisions of Kansas law or all judicial authority which may be relevant in the resolution of this question. This memorandum is, thus, not to be construed as containing any limitation on the statutory or case authority which may be relied upon by plaintiffs in this proceeding in support of 'combined reporting' for Kansas corporate income tax purposes."

In its response thereto, Dow pointed out that the Department's memorandum was in no way "a more definite statement" and sought dismissal of the case for failure to state a cause of action appropriate for declaratory judgment. Plaintiffs then filed a response to defendant's response, wherein they again discuss the unitary concept for the attribution of corporate income. At this point the trial court concluded, on its own motion, the matter was ripe for summary judgment and entered judgment in favor of the Department in all respects. By virtue of the sequence of events above set forth, no answer was filed by Dow.

There is much merit in Dow's argument that the summary judgment was prematurely granted. It would be very simple to set aside the summary judgment and remand the case back to the trial court for trial. However, such a course of action is neither in the

best interests of the parties nor the proper utilization of the court system.

Dow contends there is no actual controversy between the parties which is ripe for determination in a declaratory judgment action. We agree.

In *Hays v. Rymph,* 191 Kan. 361, 364, 381 P.2d 326 (1963) this court held:

"An action for declaratory judgment may be maintained only for the purpose of determining and declaring fixed legal rights where it will accomplish some useful purpose. It cannot be invoked merely to try issues and determine questions that are uncertain and hypothetical."

*Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 243-44, 97 L.Ed. 291, 73 S.Ct. 236 (1952), is particularly pertinent herein:

"But when all of the axioms have been exhausted and all words of definition have been spent, the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power. While the courts should not be reluctant or niggardly in granting this relief in the cases for which it was designed, they must be alert to avoid imposition upon their jurisdiction through obtaining futile or premature interventions, especially in the field of public law. A maximum of caution is necessary in the type of litigation that we have here, where a ruling is sought that would reach far beyond the particular case. Such differences of opinion or conflicts of interest must be 'ripe for determination' as controversies over legal rights. The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."

Let us apply the *Hays* and *Wycoff* holdings to the case at hand.

This court is being asked to "declare" two matters; (1) The Department has authority to determine the corporate income tax liability of a corporation on the "combined reporting method"; and (2) the Department has authority to request information from Dow relative to whether Dow and its affiliates are conducting a unitary business and thereby subject to the application of "combined reporting."

Let us summarize the controversy herein. Combined reporting is, generally speaking, a method utilized by some jurisdictions to apportion income of affiliated corporate entities engaged in a unitary business in more than one state. "Combined reporting" is not such a term of art that its very use is shorthand for one complete and standardized procedure. There is no statute in Kansas defining "combined reporting" or expressly authorizing

its utilization. There is no indication that the Department has, as to any other taxpayers, imposed or threatened to impose "combined reporting." The trial court's decision herein grants carte blanche authority to the Department to require Dow or any other corporation to file any variation of a "combined report" which the Department may now or hereafter favor. There are no limitations placed on the type or scope of preparatory information which any corporation may be required to file. Indeed, we do not even know what the information herein requested was. There is no limitation on percentage of ownership in affiliated corporations necessary to subject them to combined reporting. The action herein has enormous implications beyond the present dispute between the parties.

In short, the court is being asked to decide a nebulous and abstract question and thereby cloak the Department of Revenue with unlimited authority to require "combined reporting," as the Department may later define it, by such corporations as the Department may consider subject to it.

We conclude the action herein does not constitute an actual controversy which is ripe for determination. The case is reversed and remanded to the trial court with directions to enter an order of dismissal.

PRAGER, J., dissenting: Although I agree that the case should be reversed, I respectfully dissent from the judgment of the court remanding the case to the district court with directions to enter an order of dismissal. The record in this case, and the allegations of the plaintiff's petition for declaratory judgment, show clearly that there is an actual controversy existing between the State Department of Revenue and the defendant, Dow Chemical Company. Dow Chemical Company, in response to a request from the Department of Revenue for information as to the company's conducting a unitary business, declined to furnish that information on the basis that the secretary of revenue did not have the statutory power to require a "combined report". To the contrary, the Department of Revenue contended that it did have such power under applicable provisions of the Kansas Corporation Income Tax Law and that the department could properly determine Dow Chemical's income tax liability only by application of unitary principles and combined reporting. Under the circum-

stances there was clearly an actual controversy between Dow Chemical Company and the Kansas Department of Revenue.

In order to resolve this controversy and avoid unnecessary and costly compliance and administrative costs if Dow Chemical is correct in its position, the Kansas Department of Revenue initiated this declaratory judgment action under K.S.A. 60-1701. It has always been the policy of this State that the declaratory judgment statute is to be liberally interpreted and administered with a view to making the courts more serviceable to the people. See *Pugh v. City of Topeka,* 151 Kan. 327, 330, 99 P.2d 862 (1940). In *Cady v. Cady,* 224 Kan. 339, 581 P.2d 358 (1978), it was held that, in a declaratory judgment action, the requirement of an actual controversy is satisfied when the construction of a state statute determines a taxpayer's liability for federal and state income taxes. In *Cady,* the court stated on page 345 that, since K.S.A. 60-1701 specifically includes controversies involving the validity and interpretation of a statute, a district court is under a duty to proceed with the cause if the petition sets forth facts showing an actual controversy. It simply cannot be denied that an actual controversy exists in this case between the Kansas Department of Revenue and Dow Chemical Company.

The difficulty arose in this case because the district court prematurely granted summary judgment in favor of the department before the controlling facts and the issues of law had been determined. After the petition was filed, Dow Chemical Company filed a simple motion for a more definite statement requesting that an order be made directing the Department of Revenue to state with particularity which sections of the Kansas Income Tax Law conferred the power on the department to require Dow Chemical to provide a "combined report" and to furnish the information requested by the plaintiff. In response to this simple motion, the Department of Revenue filed a 48 page memorandum, briefing what it considered to be the legal issues in the case. We note that, in the summary and conclusions of the department's memorandum, it stated, with specificity, the various sections of the Kansas Income Tax Act which it considered relevant. Specifically referred to in the memorandum were the following:

"(1) K.S.A. 79-32,110(c)—the tax imposition language; (2) K.S.A. 79-3271 through 3289—the allocation and apportionment provisions of UDITPA; (3) K.S.A. 79-32,138, 79-1123 and 79-3236 and K.S.A. 75-5101 and Kansas Statutes of 1949, § 74-2416—provisions re administrative powers; (4) K.S.A. 79-32,109—cross ref-

erence of K.I.T.A. to I.R.C. of 1954, as amended; (5) K.S.A. 79-32,138—defining Kansas taxable income; and (6) Section 482, Internal Revenue Code of 1954, as amended and K.S.A. 79-32,141—provisions authorizing specific adjustments where two or more business organizations are controlled by the same persons.

"In support of the construction of the foregoing statutory provisions as authorizing or requiring combined reporting, plaintiffs further rely on the unitary cases cited in this memorandum and others equally applicable including the Kansas Supreme Court decisions in *In re Morton Salt Co., supra,* 105 Kan 650, 95 P2d 335 (1939); *Crawford Mfg. Co. v. State Com. of Rev. & Tax., supra,* 180 Kan 352, 304 P2d 504 (1956); *Montgomery Ward & Co. v. State Tax Com.,* 151 Kan 159, 98 P2d 143 (1940); and *Webb Resources, Inc. v. McCoy, supra,* 194 Kan 758, 401 P2d 879 (1965)."

The trial court treated defendant's motion for a more definite statement as a motion to dismiss the action and concluded that there were no questions of fact and that the issues had been fully presented. The trial court then granted summary judgment in favor of the plaintiff. In my judgment, the trial court was clearly in error. It should have required the Department of Revenue to state specifically in an amended petition or in an amendment to its petition, the statutory provisions on which it relied in support of its claimed power to require Dow Chemical to furnish the requested information and to make a combined report. As a result of the trial court's failure to permit defendant Dow Chemical to file a responsive pleading and by failing to allow the parties the opportunity to stipulate the facts and formulate the legal issues to be determined, the record presented to us on appeal is chaotic and disorganized.

A remand of the case with directions to dismiss will not furnish the parties any assistance whatsoever in resolving the legal issues which are clearly in controversy between them. It appears that there are specific statutes pertaining to the controversy which should be interpreted. It should also be noted that the Department of Revenue in its administrative regulations (K.A.R. 92-12-53) requires a corporate taxpayer to apportion its income as provided in the Uniform Division for Income Tax Purposes Act as provided for in K.S.A. 1981 Supp. 79-3271 and 79-3284. Also, the 1981 Supplement to the Kansas Administrative Regulations contains department regulations pertaining to the apportionment of the income of multiple state corporations and providing for the combined income method of reporting under certain circumstances. See Department of Revenue regulations K.A.R. 92-12-75 through 92-12-83.

In view of the failure of the trial court to make findings of fact or to state the legal issues involved, the case must be reversed. I believe, however, that on remand the interests of justice require the district court to sustain the motion of Dow Chemical Company to require the Kansas Department of Revenue to set forth with specificity the Kansas statutory provisions upon which the department relies in support of its position. The parties should then be afforded an opportunity to stipulate the facts and to formulate the legal issues to be determined by the district court.

MILLER and HERD, JJ., join in the foregoing dissenting opinion.